S. Samttll Di Falco, S.
In this proceeding for the settlement of the account of the Public Administrator the record establishes the fact that the distributees of the deceased were his wife and two adult children, residents of Poland. It further appears that the deceased had regularly sent the sum of $50 a month to his family during the time that he resided in this country. The situation creating the controversy in this proceeding develops from the fact that the deceased had fathered four children born of an illicit union which he had entered into while a resident of this city. As a consequence, an order was made by the Court of Special Sessions requiring the deceased to contribute to the support of the children at the rate of $10 a month for each for the first 16 years of their lives. The obligations imposed by this order were regularly discharged until the time of his last illness, and at the time of his death there were arrears of only $425. The children then ranged in age from 7 to 13 years.
The deceased left a distributable estate which will amount to approximately $7,000 after deducting the expenses of this proceeding. The question is therefore presented as to how apportionment of this sum is to be made between the distributees and the illegitimate children who are presently the the recipients of relief assistance furnished to their mother for their upkeep and maintenance.
Two statutes impose upon this court the obligation to fix the amount with which the estate of the deceased will be charged through extension of the period during which the filiation orders *1064 will remain in effect. Those sections are the Domestic Relations Law (art. VIII, § 120, subd. 2) and the New York Criminal Courts Act (art. V, § 62, subd. 2) which provide respectively as follows :
‘ ‘ If the father dies, an order of filiation or a judicially approved settlement made prior to his death shall be enforceable against his estate in such amount as the court may determine, having regard to the age of the child, the ability of the mother to support and educate it, the amount of property left by the father, the number, age and financial condition of the lawful issue, if any, and the rights of the widow, if any.”
“If the father dies, an order of support or a judicially approved settlement made prior to his death shall be enforceable as a claim against his estate in an amount to be determined by the surrogate’s court not greater than is provided in said order or settlement, having regard.to the age of the child, the ability of the mother to support and educate it, the amount of property left by the father and the number, age and financial condition of those other persons legally entitled to support by him in his lifetime.”
* * *
Subdivision 2 of section 69 of the New York City Criminal Courts Act makes further provision as follows: “The order of support shall specify the sum or sums to be paid for support and the manner of their payment. Support shall be ordered until the child reaches the age of sixteen years. Subsequently for good cause shown, it may be ordered up to the age of twenty-one years or longer in the discretion of the court.”
The filiation order which was in effect until the date of the father’s death required him to pay $10 monthly for the support of each of his four sons until their respective sixteenth birthdays. If support were to be continued at this rate in the order which the statutes require this court to make, the aggregate charge against the estate would amount to $3,787, or something more than half of the amount available for distribution after the payment of all other obligations. Apportionment of the estate on this basis, however, would not take into consideration the situation which would arise in the event that circumstances required that the court, “ for good cause shown ” continue support “ up to the age of twenty-one years or longer ”.
The statutes in question create rights in favor of illegitimates against the estate of a deceased father which put them in a position in some respects superior to that of lawful issue to whom *1065 no obligation for support extends beyond the parent’s death and whose interest in his estate is subject to extinguishment by disinheritance. The claim of the illegitimates is, however, unliquidated and contingent for the continuing obligation for support would not survive their deaths nor, in the ordinary situation, their sixteenth birthdays. Under these circumstances the court will exercise the prerogatives conferred upon it under section 207 of the Surrogate’s Court Act, which authorizes the establishment of a “ reservation of such estate assets as the surrogate shall determine to be adequate to pay such contingent or unliquidated claim when the amount thereof shall become due and payable.” This amount the Surrogate determines to be $4,000 and the Administrator will be directed in the decree to continue payments at the rate of $10 a month from that fund for each child until its sixteenth birthday or earlier death. The court will retain jurisdiction of the estate to permit application to be made for continuation or adjustment in amount of the payments if a change in circumstances requires that distribution of the reserve fund be made on a basis different from that here fixed. The balance of the estate will be deposited under the decree terminating this proceeding in the treasury of the City of New York for the benefit of the Polish distributees in accordance with the provisions of section 83 of the Decedent Estate Law and section 269 of the Surrogate’s Court Act. The same disposition will be made of any balance remaining in the reserved fund after the obligation for support of the illegitimate children is terminated unless circumstances then make practicable the transmittal of funds to Polish heirs.
Submit decree on notice settling the account in accordance with the foregoing.