John J. Dillon, S.
By decision dated January 6, 1959, the court disposed of the one remaining claim against the estate and provided for other relief appropriate to this accounting proceeding. At that time the court had before it a stipulation executed by the attorney for the administratrix and the attorneys for the Polish distributees, which provided among other things ‘ ‘ that subject to the approval of the court payments be made to the Polish distributees by payment of their distributive shares to their attorneys ”. In the absence of any evidence that the distributees in Poland would actually have the benefit of the funds due them, the court declined to approve that portion of the stipulation and held that such funds should be paid to the Commissioner of Finance under section 269 of the Surrogate’s Court Act.
The attorneys representing the Polish distributees have now applied for a modification of the prior decision, requesting in effect that the court alter its earlier ruling as to the payment of such distributive shares. It is said in the moving papers *717 that there was no proof before the Surrogate of the facts specified in section 269. Generally speaking, a court may take judicial notice of facts which are universally known and recognized. It is a matter of- general agreement that Poland is one of the so-called “ iron curtain ” countries; that it has a Communist government; and that a denial of the right to the private ownership of property is a basic feature of Communist doctrine. Taking judicial notice of these facts, and with no proof whatever to the contrary, the court concluded that this was a proper case for the payment of funds into court as authorized by section 269. That conclusion involved no element of novelty. The remedy of section 269 has been applied frequently to the problem of funds payable within the satellites of the Soviet Union (Matter of Braier, 305 N. Y. 148, appeal dismissed Kalmane v. Green, 346 U. S. 802), and specifically with respect to Polish nationals (Matter of Baranski, 11 Misc 2d 1062).
It is said in the present papers that the situation in Poland has changed, and that both the Federal and New York State Governments now approve of the remission of funds to Poland. An affidavit made by one of the attorneys gives an outline of the purported method by which the funds, diminished by charges for attorneys’ fees, consular services and translation charges, reach a Polish bank where they are held for the account of those entitled to receive them. All of these things may be true. But they are not satisfactorily established by the papers now before the court, which consist of copies of alleged press releases and a letter from the State Department of Insurance. Copies of two purported judicial determinations are likewise furnished, but this court had no knowledge of the evidence on which they were based. The attorney who makes the supporting affidavit does not disclose the source of his information. But, in any event and assuming the truth of everything the attorney says, it appears extremely doubtful that the distributees receive the free use of the funds under the procedure described in the affidavit.
The Polish distributees are entitled to a hearing. It was held in Matter of Braier (supra) that the requirement of due process would be satisfied by a hearing held upon a future application to withdraw the funds from the custody of the Commissioner of Finance. However, to avoid a multiplicity of proceedings, it seems preferable that the hearing be held now. The matter will be restored to the calendar for Tuesday, April 7, for the purpose of fixing a hearing date.
Proceed accordingly.