Millard L. Midonick, S.
This is a proceeding for probate and for revocation of letters of administration in an estate estimated to be valued at approximately $90,000.
The issue before the court involves the rights and procedures to vindicate a cause of action given to an out-of-wedlock child, age 16, who has been adjudicated a son of the decedent by an order of filiation made by the former Court of Special Sessions in the City of New York.
The testator left five distributees who survive him, all of them being his sons, four of whom are adults, and one of whom is the out-of-wedlock infant involved in this decision. Three of those sons are named residuary legatees under the propounded will, but one adult son and the infant out-of-wedlock son here involved are disinherited by failure to provide for them.
The guardian ad litem appointed by this court to represent the infant out-of-wedlock son reports that a claim should be made in the Surrogate’s Court on behalf of that infant under section 513 of the Family Court Act which provides: "Each *524 parent of a child born out of wedlock is liable for the necessary support and education of the child * * * If a parent dies, an order of support or a judicially approved settlement made prior to that parent’s death shall be enforceable as a claim against the deceased parent’s estate in an amount to be determined by the surrogate’s court not greater than is provided in said order or settlement, having regard to the age of the child, the ability of the surviving parent to support and educate it, the amount of property left by the deceased parent and the number, age and financial condition of those other persons legally entitled to support by the deceased parent during his or her lifetime.”
The guardian ad litem on behalf of his ward has investigated and reported that his ward is living with the mother and attending school in Santo Domingo, Dominican Republic, and that his circumstances are such that support provisions should continue until age 21. (Family Ct. Act, §§ 513, 413; L 1974, ch 937.)
Despite the recent lowering of the age of majority from 21 to 18 for many purposes, the Legislature has expressly retained age 21 for support of the child of a parent (Family Ct. Act, §§ 413, 414, 415, 513; L 1974, ch 937). This express retention of the period until the 21st birthday for support rights, applies as well to out-of-wedlock children as it does to those born in wedlock for two independently sufficient reasons: (a) the Legislature so intended because the word "minor” was never part of the out-of-wedlock section 513 of the Family Court Act, quoted above, so that the age definition of sections 413, 414 and 415 of that act always applied and still applies to section 513; and (b) invidious discrimination as to age against illegitimates is forbidden as a denial of equal protection of the laws. (Cf. Levy v Louisiana, 391 US 68; Glona v American Guar. Co., 391 US 73; Holden v Alexander, 39 AD2d 476; Matter of Perez, 69 Misc 2d 538.)
The guardian ad litem further reports that after a trial in the former Court of Special Sessions, New York County, on January 19, 1962, an order was made adjudging the decedent the father and ordering him to pay $30 a week for the support of this infant. The filiation and support orders were affirmed on appeal. On August 2, 1965, the case was brought for enforcement to the successor Family Court in New York County, and there the order for future payments was judicially modified downward to the sum of $25 per week, payable *525 through the Support Bureau of that court which maintains cumulative records of compliance or arrearage by periodic payments.
On March 27, 1974, the respondent decedent died. On July 19, 1974, Family Court, presumably on the basis of information of the death of decedent, may have declared its proceeding abated by death of the parent who is the decedent here. After the decedent’s death, the jurisdiction of the subject matter of support of this out-of-wedlock child of the decedent devolved upon the Surrogate’s Court by the express command of section 513 of the Family Court Act quoted above, so that no action of the Family Court after the respondent’s death can affect the rights of the child or the deceased parent. Both the amount of arrears and the "order of support or a judicially approved settlement made prior to that parent’s death shall be enforceable as a claim against the deceased parent’s estate in an amount to be determined by the surrogate’s court not greater than is provided in said order or settlement, having regard to the age of the child, the ability of the surviving parent to support and educate it, the amount of property left by the deceased parent and the number, age and financial condition of those other persons legally entitled to support by the deceased parent during his or her lifetime.” (Family Ct. Act, § 513, emphasis supplied; Matter of Cirillo, 114 NYS2d 799; Matter of Baranski, 11 Misc 2d 1062.)
Not only can the order of support be enforced, or modified downward and enforced, by the Surrogate’s Court against the estate, but also arrears of support may be so enforced also as a claim. Thus it was held, Matter of Cirillo (114 NYS2d 799, 802, supra): "Payments accrued prior to death under an order or settlement may be enforced against the estate as ordinary claims.”
The fiduciaries here are aware of the guardian’s claims and are responsible for preserving the estate assets to answer for such claims as may be ultimately adjudicated.
The guardian ad litem reports that after hearing the witnesses on probate, he can find no basis for objection to the probate of this will which disinherits his ward.
In order to afford due process to the estate representatives, to legatees and to all claimants, including this out-of-wedlock child of 16, this last will shall be probated promptly upon the usual proofs, and this child’s claim will be adjudged thereafter *526 at a hearing demanded both by the guardian ad litem and by the attorney on behalf of the named fiduciaries.
An accounting will be filed before June 20, 1975 and it is suggested that the same guardian ad litem be designated, appointed, qualify and appear, with all other interested parties, at the call of the motion calendar at 10:00 a.m. on July 9, 1975 to report whether this child and his mother can be given the wherewithal to appear at 11:00 a.m. on July 23, 1975 for a hearing before me to adjudicate this issue. The citation, account and notice of hearing to be commenced at 11:00 a.m. on July 23, 1975, shall be served by registered air mail to the last address of this child and his mother in Santo Domingo, Dominican Republic, by mailing same at least 30 days before the July 23, 1975, hearing date. (SCPA 307.) The guardian ad litem will advise the child and mother accordingly. The designation of the same guardian ad litem is suggested in order to avoid duplication of preparation and investigation already made on behalf of the infant. Since the child and his mother appear to be without means, the named fiduciaries, as soon as they qualify, will be, in the absence of well-founded objection, authorized and directed to deliver to the guardian ad litem two round-trip air coach tickets together with a money order for $100 for incidental travel expenses, supplied from the assets of this estate, which the guardian shall send to the mother if she will have indicated that she will use the same for the purpose of establishing by their appearance in this court at the hearing on July 23, 1975 the claim and the needs of this child for support by the decedent’s estate. The attorney for the named fiduciaries has indicated that an account can be filed within this time limit; early accounting is desirable since child support is not the kind of claim that ought to be delayed lest deprivation be suffered.
This matter is remanded to the probate clerk. The probate decree will reserve therein the infant’s claim for support according to this decision, and provide for an account to be filed on or before June 20, 1975, and for designation, appointment and citations to issue accordingly to adjudicate said claim in the accounting proceeding, and for hearing on such claim before me on July 23, 1975 at 11:00 a.m. (and from time to time thereafter, if necessary).