Hattie DEWS, individually, on behalf of her minor children, and on behalf of all others similarly situated, Plaintiffs,

v.

Dr. William HENRY; Mrs. Louise Hennes; Mrs. Elizabeth Brook; Dr. Jose G. Lopez-Plasencia; Glenn A. Jones, individually and as members of the Arizona State Board of Public Welfare; John O. Graham, individually and as Commissioner of Public Welfare of the State of Arizona, Defendants.

Maria Esther INCLAN et al., Plaintiffs,

v.

DEPARTMENT OF PUBLIC WELFARE, STATE OF ARIZONA; John O. Graham, Commissioner, Department of Public Welfare, State of Arizona, Defendants.

Civ. Nos. 6417 Phx. and 2548 Tuc.

United States District Court
D. Arizona.
March 13, 1969.

Gerald A. Pollock, Phoenix, Ariz., for plaintiff, Hattie Dews.

Darrell F. Smith, Atty. Gen., by Sandra D. O'Connor, Asst. Atty. Gen., for defendant Dr. William Henry and others.

Anthony B. Ching, Chief Trial Counsel, Tucson, Ariz., for plaintiff, Maria Esther Inclan and others.

Gary K. Nelson, Atty. Gen., Michael S. Flam, Asst. Atty. Gen., Phoenix, Ariz., for defendant, Dept. of Public Welfare, State of Ariz., and Graham, Comr.

Before JERTBERG, Circuit Judge, and WALSH and MUECKE, District Judges.

## OPINION and ORDER

MUECKE, District Judge.

The above captioned cases of Hattie Dews and Maria Esther Inclan have been consolidated for the purposes of this opinion. There is no dispute as to the facts in either case as they have been stipulated to by all parties concerned.

In Case No. CIV. 6417 Phx., the facts briefly summarized are that the plaintiff Hattie Dews is an adult citizen of the United States and a resident of the City of Phoenix, County of Maricopa, State of Arizona, and has resided in Arizona continuously since 1952. She and her husband, Tommie Dews, are the parents of eleven children ranging in age from eighteen years to two years. Plaintiff's husband, Tommie Dews, suffers from mental illness which renders him unemployable. Plaintiffs have no income, resources, support, or maintenance other than public assistance; a Veterans Administration payment; and a social security payment.

Under the provisions of A.R.S. §§ 46–207 [1] and 46–294 [2] the maximum amount

1. § 46–207. *Grant plus Income*
Text of section as amended by Laws 1968, Ch. 104, § 1
A. In no event shall assistance paid any recipient under this title be an amount, which when added to income from all other sources, causes the total of income and grant to exceed:
1. For a single recipient, one hundred dollars per month.
2. For a recipient and spouse, or two recipients in the same family unit, one hundred fifty-five dollars per month.
3. For three or more recipients in the same family unit, two hundred twenty dollars per month.
B. If the total funds available for payment of assistance grants is not sufficient to meet the maximum amount for which each applicant or recipient is eligible by law, the department shall not make reductions of an equal amount from every grant in each category of assistance, but shall take into consideration the needs of the applicants or recipients, and shall make reductions necessary by specifying the percentage of budgeted needs which may be met within the maximums set by law by the grant plus other available income.
C. In determining need for aid to the blind, the department shall take into consideration all other income and resources of the individual claiming such aid, except that in making a determination of need or grant plus income, the department shall disregard the first eighty-five dollars per month of earned income plus one-half of all additional earned income.
D. In determining need of any individual, the department shall disregard the first eighty-five dollars plus one-half of the excess over eighty-five dollars monthly of payments made under title I or II of the economic opportunity act, Public Law 88–452.
E. In no event shall assistance paid any recipient under this title be reduced because of payment for or reimburse-

2. See Note 2 on page 589.

of public assistance which may be paid to the plaintiffs Dews is $220.00 less $115.00 received by Tommie Dews from the Veterans Administration and $98.70 a month received from the Social Security Administration.[3]

In the companion case No. CIV. 2548 Tuc., the facts briefly summarized are that plaintiff Maria Inclan and her husband, Alberto L. Inclan, are the parents of fourteen children ranging in age from twenty years to one year. Thirteen of the children make their home with Mr. and Mrs. Inclan, but only twelve receive public assistance. Plaintiff Maria Inclan is a resident alien and the sole support of the minor children. Alberto Inclan suffers from physical illness which renders him permanently and totally disabled and unemployable. Plaintiff Maria Inclan has no income resources, support, or maintenance other than public assistance.

Under the provisions of A.R.S. §§ 46–207 and 46–294, the maximum public assistance which plaintiffs Inclan can receive is $220.00 per month less the adjusted earnings of the seventeen-year old son, Rafael Inclan, in the amount of $167.00 per month.[4]

■ Jurisdiction is properly invoked under the Civil Rights Act, 28 U.S.C.A. § 1343(3) and (4) and 42 U.S.C.A. § 1983, and the case is an appropriate one for a three-judge district court under 28 U.S.C.A. § 2281. King v. Smith (1968) 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118.

The plaintiffs seek to have us declare invalid and to permanently enjoin the enforcement of the maximum grant statutes passed by the Arizona State Legislature.[5]

Summarized, these provisions provide that irrespective of the need and eligibility, a family receiving benefits under the

ment to such recipient by the state or any political subdivision thereof, of a premium required to provide the recipient with coverage under the provisions of title 18, part B, of U.S. Public Law 89–97.

F. In determining the need for old age assistance, the department shall take into consideration all other income and resources of the person claiming such aid, except that in making a determination of need or grant plus income, the department shall disregard the first five dollars per month of any income.

2. § 46–294. *Amount of assistance*

In determining the amount of assistance which a recipient may receive the state and county departments shall consider and take into account living conditions and all facts and circumstances surrounding the applicant or recipient, including earning capacity, income and resources from whatever source received. The income of any adult, whether or not related to the family, who lives with and as a member of the family, shall be considered as income to the family. The amount of assistance when added to all other income, resources, support and maintenance shall provide such person with a reasonable subsistence compatible with the mode of living to which the recipient is accustomed. In each case an assistance plan shall be adopted based

upon the foregoing provisions of this section. [In no event shall the total amount of assistance paid under this article to any recipient exceed eighty dollars for any calendar month for a family containing one dependent child, and twenty-seven dollars for each additional dependent child, but in no event shall any one family receive assistance in excess of two hundred twenty dollars per month]. As amended Laws 1959, Ch. 137, § 4; Laws 1968, Ch. 91, § 8.

3. Under the State Uniform Assistance Plan in effect on August 10, 1967 when the complaint was filed by the Dews, the minimum need of a family of seven or more recipients was determined to be $338.00. Also, according to the state plan presently in effect, the minimum need of a family of eleven recipients has been determined to be $418.00.

4. It is interesting to note that with fourteen recipients of public assistance in a household, their minimum need is admitted by the State, as determined by the Department of Public Welfare Assistance Plan to be $490.00 a month. (Certification of Transcript of Case No. 1869 Tuc, p. 10, lines 13–17, before State Department of Public Welfare held on January 20, 1969).

5. A.R.S. §§ 46–207 and 46–294.

Aid to Families with Dependent Children Program (AFDC) established by the Social Security Act of 1935, as amended, 42 U.S.C.A. §§ 601 through 609, may not receive in excess of $220.00 per month. The declaration sought is that the maximum grant statutes are inconsistent with the Social Security Act and that these statutes deny equal protection of the laws as required by the Fourteenth Amendment to the United States Constitution.

A further issue raised by both plaintiffs is the legality of the procedure of the Welfare Department in deducting other income received by members of the household from the maximum public assistance grant given to that household.

A third and final issue raised only in the Inclan case is the reduction of the maximum grant by other income by the State Welfare Department without first granting a hearing to the recipients of the public assistance before any action is taken.

Discussing the issues in reverse order, we find that the question of reducing the maximum grant by the other income of the recipients without first having a hearing is now moot. Plaintiff Inclan alleged that to reduce the amount of the public assistance without a prior hearing was a violation of the due process clause of the Fifth Amendment to the United States Constitution. Since the issuance of the preliminary injunction in the Inclan case, the plaintiffs were notified of a hearing and of their right to appear with counsel at such hearing and the plaintiffs having appeared at the hearing with counsel on January 20, 1969, we are now of the opinion that this question is moot.[6]

■ Relative to the reduction of the maximum grant by the amount of income received, we do not feel that the facts of these cases raise a cognizable constitutional question. King v. Smith (1968) 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118. Certainly, there is no statutory prohibition against the income deduction because 42 U.S.C.A. § 602(a) (7) (A) provides for such income deductions.[7]

---

6. This Court also makes note of the fact that the question of "Whether termination of A.D.C. (Aid to Dependent Children) benefits without a prior hearing constituted a violation of procedural due process under Article 2, Section 4, of the Arizona Constitution, A.R.S., or the Fourteenth Amendment to the United States Constitution" has been decided in the affirmative by the Arizona Court of Appeals in Camerena v. Dept. of Public Welfare (1969) 449 P.2d 957, which case is now on appeal to the Arizona Supreme Court.

7. "(7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income; (8) provide that, in making the determination under clause (7), the State agency—

(A) shall with respect to any month disregard—

(i) all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment, and

(ii) in the case of earned income of a dependent child not included under clause (i), a relative receiving such aid, and any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $30 of the total of such earned income for such month plus one-third of the remainder of such income for such month; (except that the provisions of this clause (ii) shall not apply to earned income derived from participation on a project maintained under the programs established by section 632(b) (2) and (3) of this title);"
See also: King v. Smith (1968) 88 S.Ct. 2128, 2134 n. 16.

The remaining question of the validity of the maximum grant statutes was dealt with at length in the Maryland case of Williams v. Dandridge, 297 F.Supp. 450, decided December 13, 1968 in the United States District Court for the District of Maryland. In the Williams case, a three-judge District Court declared invalid and permanently enjoined the enforcement of the maximum grant regulations of the State of Maryland. Their regulation under attack provided that a family could not receive more than $250 per month of benefits of Aid to Families with Dependent Children Program (AFDC). Plaintiff Williams was the mother of eight children. The calculation of the needs for the family was $296.15 per month according to the standard of needs set by Maryland but because of the maximum grant provision, only $250 per month was available. The State's primary defense of these regulations was its desire to conserve and allot limited funds. While recognizing the freedom of each state "to set its own standard of need and to determine the level of benefits by the amount of funds it devotes to the program" [King v. Smith (1968) 392 U.S. 309, 318–319, 88 S.Ct. 2128, 2134], the Maryland Court stated that "the plan, to be valid, must conform to the requirements of the Act and applicable regulations of the Secretary." The Federal standard was held to be that " * * * within the framework of state-determined standards of need, the State must meet those needs in regard to 'all eligible individuals' ". Williams v. Dandridge (D.C.Md. 1968) 297 F.Supp. 450, 454.

The definitions in the Act contain no limitation on eligibility by reason of the fact that one, who is otherwise a "dependent child" resides in a household with or without one or more other siblings or other persons. Nor do the definitions or any other portion of the Act vest in any state, the authority to embroider upon the definition of "dependent child" so as to insert conditions and limitations beyond those imposed by Congress. Williams v. Dandridge, *supra*.

The Maryland Court went on to say,

"We hold only that if Maryland has appropriated insufficient funds to meet the total need under AFDC, as measured by the standards for determining need that Maryland has prescribed, Maryland may not, consistent with the Social Security Act or the equal protection clause, correct the imbalance by the application of the maximum grant regulation." Williams v. Dandridge, *supra*.

We are in complete agreement with the holding and the conclusions of the Maryland Court in the Williams case. The history, the scope, and the basic purposes of the Aid to Families with Dependent Children Program initiated as part of the Social Security Act of 1935 are fully developed in King v. Smith, *supra,* to which reference is made for a fuller treatment. The purpose of the grants to states by the Federal Government for aid and services to needy dependent children, families with such children, and for children welfare services is set out in 42 U.S.C.A. § 601:

"§ 601. *Appropriations*

For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection, there is authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part. The sums made available under this section shall be used for making payments to States which have submitted, and had approved by the Secretary, State plans for aid and services to needy families with children.

**592**

As amended Jan. 2, 1968, Pub.L. 90–248, Title II, § 241(b) (1), 81 Stat. 916."

Actually, the maximum grant statutes as now enacted provide an economic club aimed at breaking up the family unit and thus frustrating and defeating the stated purpose of Congress in enacting the legislation designed to aid needy, dependent children and families with such dependent children. The Arizona Revised Statute § 42–207 as amended by the laws of 1968, Chapter 104, § 1, provide that " * * * for three or more recipients in the same family unit, two hundred twenty dollars per month * * * " shall be the maximum assistance paid to any recipient. Under such provisions, the obvious pressures would be to split the family into units of threes in order to gain the fullest amount of assistance under the maximum grant and statutes. This would be contrary to the federal statutes and therefore invalid.

There seems to be no purpose served by the Arizona Statutes save to fit the needs of the State's dependent children into the State's inadequate appropriations. Discrimination of this type not to run afoul of the equal protection clause of the Fourteenth Amendment must be founded on reason in light of its purpose. The Arizona Statutes assume that for example, either the fourth child in a family receiving such aid whose grant would bring the aggregate amount above $220 per month is not in need, or his need must go unsatisfied. Experience and common sense do not support this conclusion.

■ Therefore, we hold that the maximum grant statutes of Arizona, A.R.S. §§ 46–207 and 46–294 are invalid in that they violate the established purpose of the Social Security Act of 1935, as amended, 42 U.S.C.A. §§ 601 through 609, and that the Arizona maximum grant statutes are also in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the maximum grant discriminates against large families. The result we reach is fully in accord with that of other courts which have considered the same or similar questions. Williams v. Dandridge (D.C.Md.1968) 297 F.Supp. 450; Collins v. State Board of Social Welfare (1957) 248 Iowa 369, 81 N.W.2d 4; Anderson v. Shaeffer (D.C. Ga.1968); Metcalf v. Swank (D.C.Ill. 1968) 293 F.Supp. 268.

■ In holding that the Arizona statutes, providing for a maximum grant of public assistance, are invalid, we in no way infer that the Legislature of Arizona must appropriate additional funds to support its participation in the program of aid to dependent children and their families. To do so would be in contravention of the Eleventh Amendment of the Constitution of the United States. We hold only that if Arizona has appropriated insufficient funds to meet the total need under its aid to dependent children program, as measured by the standards for determining need that Arizona has prescribed, Arizona may not, consistent with the Social Security Act or the equal protection clause, correct the imbalance by application of the maximum grant statutes.

It is ordered, therefore, that counsel for plaintiffs shall submit an appropriate judgment in accordance with the provisions of this opinion.