Ernestine **KAISER** et al., Plaintiffs,

v.

John **MONTGOMERY** et al., Defendants.

Civ. No. 49613.

United States District Court,
N. D. California.

Aug. 28, 1969.

Judgment Vacated April 20, 1970.

See 90 S.Ct. 1349.

Thomas L. Fike, Cherie A. Gaines, Mark C. Peery and Gary J. Grimm, Legal Aid Society of Alameda County, Oakland, Cal., Peter Sitkin, Steven Antler, and Barbara Fisher, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiffs.

Thomas C. Lynch, Atty. Gen. of State of California, Elizabeth Palmer, Deputy Atty. Gen., San Francisco, Cal., for defendants.

Before HAMLIN, Circuit Judge, and WOLLENBERG and ZIRPOLI, District Judges.

## MEMORANDUM OPINION

WOLLENBERG and ZIRPOLI, District Judges.

Plaintiffs bring this action on behalf of themselves and all others similarly situated whose monthly payments under California's Aid to Families with Dependent Children (AFDC) [1] are discriminatorily limited by California Welfare and Institutions Code § 11450(a) and pursuant regulations to amounts less than their monetary needs as determined by the Department of Welfare of the State of California, its Director and county administrators. Plaintiffs challenge said statute and pursuant regulations on the grounds that the limitations imposed thereby lack any reasonable basis in light of the purpose of the assistance program and that the statute arbitrarily and capriciously deprives certain AFDC recipients of assistance sufficient to meet their state-determined need but at the same time allows other AFDC recipients to receive assistance adequate to meet their state-determined need.[2]

Plaintiffs assert that the above facts constitute a denial of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution.

Their argument is essentially the following: The California Department of Social Welfare makes payments to needy children according to the provisions of Welfare & Institutions Code §§ 11202, 11250 and 11452. To determine the amount of need generated by each recipient, the Department compiles for each county a "Cost Schedule for Family Budget Units." This Cost Schedule provides the starting point for determining a particular recipient's need. The Cost Schedule sets forth amounts representing the combined allowance for the fol-

1. The federal statute entitles the program "Aid and Services to Needy Families with Children." 76 Stat. 185. The California Welfare & Institutions Code refers frequently to "needy children" but does not give the assistance program a name. Throughout this opinion, the program will be referred to as AFDC (Aid to Families with Dependent Children) according to

the usage of the parties and defendant's Cost Schedules.

2. The defendant admits that a monthly average of 47% of AFDC recipients were denied their state-determined needs to some extent during 1967–68, while 53% had their state-determined needs fully met.

lowing items: Food, clothing, personal needs, recreation, transportation, household operations, education and incidentals, utilities, housing, and intermittent needs. The combined allowance represents that state's estimate of need to cover the above items. The amount allocated by the Cost Schedule to cover each of the above items varies according to the recipient's age, sex, county of residence, and according to whether the relatives with whom the child is living are themselves needy. For example, where the supporting relatives are needy, the state-determined need of an infant child is $97.00 per month, whereas the state-determined need of a teenager is $112.00 for a female and $119.00 for a male. Where the supporting relatives are not needy, the state-determined need of an infant child is $46.50, and the state-determined need of a teenager is $61.25 for a female and $67.10 for a male. The recipient's county of residence is considered by the state as a determinative factor in establishing need because the cost of living varies widely from county to county within the state. The Department issues a different Cost Schedule for each county according to that county's particular cost of living.

This brief description of the defendant's Cost Schedules points to a crucial fact in this litigation, namely, that state-determined need varies among AFDC recipients according to their particular circumstances. Generally speaking, the state has determined that older children have a higher level of need than younger children, that males of teen age have a higher level of need than females of teen age, that families in which the responsible relatives are needy have a higher level of need than families in which the responsible relatives are not needy, and that recipients living in counties with a high cost of living have a higher level of need than recipients living in counties with a low cost of living.

Plaintiffs in this action make no quarrel with the defendant's Cost Schedule as described above, but assert that the operation of California Welfare & Institutions Code § 11450(a) is without any reasonable basis and denies them equal protection of the laws in violation of the Fourteenth Amendment. The statute places a maximum limitation on the amount of aid that a recipient may receive. Taking into account assistance provided by the United States government, § 11450(a) dictates that aid to AFDC recipients shall not exceed the amounts set forth in the accompanying table.[3]

3. Participation Base

A. Children living with one parent or other relative

B. Children living with two eligible parents

| Number of Children | Amount | Number of Children | Amount |
|---|---|---|---|
| 1 | $ 148 | 1 | $ 166 |
| 2 | 172 | 2 | 191 |
| 3 | 221 | 3 | 239 |
| 4 | 263 | 4 | 282 |
| 5 | 300 | 5 | 318 |
| 6 | 330 | 6 | 349 |
| 7 | 355 | 7 | 373 |
| 8 | 373 | 8 | 392 |
| 9 | 386 | 9 | 404 |
| 10 | 392 | 10 | 411 |
| 11 | 399 | 11 | 417 |
| 12 | 405 | 12 | 424 |
| 13 | 412 | 13 | 430 |
| 14 | 418 | 14 | 437 |
| 15 | 424 | 15 | 443 |

Plus $6 for each additional child

The effect of § 11450(a) is to deny to the class represented by plaintiffs assistance adequate to meet their state-determined need, while at the same time granting to all other recipients assistance equal in amount to their state-determined need.

The cases presented by the named plaintiffs are illustrative. Plaintiff Ernestine Kaiser is the unemployed mother of two teenagers, male and female, and two children of sub-teen age. For a family of this composition, the defendant's Cost Schedule establishes a need of $300.00. Section 11450(a), however, permits no more than $263.00 to be given monthly to four needy children living with one needy parent. Consequently, plaintiff is receiving $37.00 less than she needs, according to the state's determination.

Plaintiff Sandra Williams is the mother of a three-year old boy. Her needs consist of the usual items listed for each recipient in the Cost Schedule, and, in addition, the defendant Department of Social Welfare includes such work expenses as transportation and child care to the extent those expenses are determined to be unmet by plaintiff Williams' salary.[4] In a decision of the Director of the Department, the combination of these needs totalled $212.00 for the month of January 1968. Under § 11450(a), however, the maximum limitation on assistance to a family of one child with a needy parent was $148.00. This amount fell $64.00 short of plaintiff Williams' needs for the month of January 1968, according to the defendant's own determination of need.

Plaintiff Helen Hood is the mother of eleven children. Her problem illustrates the severe discriminatory effect of § 11450(a) on children in large families. All of plaintiff's eleven children are eligible to receive AFDC payments. According to the defendant's Cost Schedule, the monthly need of the children amounts to $532.00. But according to § 11450(a), eleven children living with a needy relative may receive no more than $399.00 per month. Plaintiff therefore receives $133.00 less *per month* than the state considers necessary to provide clothing, food, shelter, and other needed items for her children.

■ For equal protection purposes, the plight of the plaintiffs is significant because it contrasts with the good fortune of those AFDC recipients whose needs as determined by the state are met because they are less than the maximum aid limitation. In other words, plaintiffs are discriminated against by § 11450(a) because (1) it imposes flat limitations on families of a given size, without taking account of variants such as age, sex, unmet work expenses and cost of living, and because (2) it drastically decreases the permissible allotment per child as family size increases.[5]

The consequence is that § 11450(a) lacks a reasonable relationship to the need of AFDC recipients because the limitations it imposes take *no account* of age, sex, unmet work expenses and cost of living, and take *no reasonable account* of family size as determinants of need. Recipients whose needs happen to fall below the line drawn by § 11450(a) are fortunate enough to get their state-determined needs met; those whose state-determined needs fall above the line do not have their state-determined needs met. Younger children, females, residents of counties with a low cost of living, and (most patently) members of small families are the fortuitous beneficiaries of this set of circumstances. Older children, males, residents of counties with a high cost of living, and mem-

---

4. This court's acceptance of the state's determination of need for plaintiff Williams indicates no opinion concerning the extent to which the state is required by federal statute or regulation to consider any particular work-related expense, nor concerning the particular method of computation by which such expense should be considered.

5. The statutory increment of $6.00 for each child after the ninth fails by at least $13.00 to meet the state-determined need of such child *for food alone.*

bers of large families tend to bear the random burden of having their needs unmet.

■■ This irrational and arbitrary distinction among AFDC recipients violates the equal protection clause of the Fourteenth Amendment. The guarantee that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws" [6] means that a state may not establish a classification that lacks any reasonable basis in light of the purpose of the program in question.[7] As the Supreme Court stated in Levy v. Louisiana, 391 U.S. 68, 71, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), "a State has broad power when it comes to making classifications * * *, [but] it may not draw a line which constitutes an invidious discrimination against a particular class. * * * Though the test has been variously stated, the end result is whether the line drawn is a rational one."

■ The defendants have not claimed that the lines drawn by Section 11450(a) are rational. Nowhere has the state set forth a plausible explanation why the needs of one AFDC recipient are fully met while the needs of another recipient are not. If the purpose of the aid limitations is to reduce state expenditures, there are methods by which the state could accomplish that objective without discriminating among AFDC recipients. The present scheme penalizes some recipients but not others on the basis of circumstances which are beyond the control of the recipients and have no rational relationship to the purpose of the AFDC program. Section 11450(a) consequently denies to the burdened class of AFDC recipients equal protection of the laws and is therefore unconstitutional as violative of the Fourteenth Amendment to the Constitution.[8]

The decision which this court hands down today is neither unheralded nor drastic. Other three-judge courts have reached a similar result. In Williams v. Dandridge, 297 F.Supp. 450 (D.Md. 1968), the court considered a Maryland statute setting an absolute aid limitation for all families of $250.00. No additional grant was permitted if the family contained so many children that the total state-determined need exceeded $250.00. The court held the limitation offensive under the equal protection clause. The court found unsupportable the assumption of the statute that the eighth child, for example, is either not needy or must suffer his needs to go unsatisfied. That this eighth child could enjoy full satisfaction of his needs if he moved in with a relative underscored the illogic, and possibly pernicious consequences, of the maximum limitation.

In Westberry v. Fisher, 297 F.Supp. 1109 (D.Me.1969), the court considered a limiting statute which imposed gradually reduced payments for additional

6. U.S.Const. Amend. XIV, § 1.

7. "The courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose * * *." McLaughlin v. Florida, 379 U.S. 184, 191, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); "[A] statutory discrimination must be based on differences that are reasonably related to the purposes of the Act in which it is found." Morey v. Doud, 354 U.S. 457, 465, 77 S. Ct. 1344, 1 L.Ed.2d 1485 (1957).

8. The Supreme Court recently disposed of an unconstitutional resource-saving device similar to § 11450(a) with the following language:

We recognize that a State has a valid interest in preserving the fiscal integrity of its programs. It may legitimately attempt to limit its expenditures, whether for public assistance, public education, or any other program. But a State may not accomplish such a purpose by invidious distinctions between classes of its citizens. It could not, for example, reduce expenditures for education by barring indigent children from its schools. Similarly, in the cases before us, appellants must do more than show that denying welfare benefits to new residents saves money. The saving of welfare costs cannot be an independent ground for an invidious classification.
Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

children up to an absolute limitation of $250.00 for all recipients in a family. The court pointed out the conflict between the state's need schedule and the limitation statute and reasoned that only by striking down the limitation could the court reach a result reconcilable with the purpose of the AFDC program to fashion assistance according to need. See also Dews v. Henry, 297 F.Supp. 587 (D.Ariz., March 13, 1969).

The fact that the statutes involved in the *Williams, Westberry,* and *Dews* cases imposed an absolute ceiling on aid to a family, whereas § 11450(a) permits a minimum increase of $6 per child in aid paid to a family no matter what the family size, does not justify distinguishing those cases from this one, since the minimal $6 increment does not close the gap between child need as calculated by defendant Montgomery and actual aid for large family children, while children from smaller families may receive sufficient aid to cover their calculated needs.

It is important at this point to clarify sharply the extent of our holding today. We do not make any determination as to what the actual financial needs of any California AFDC child are. This is a task which we leave to the California legislature and agencies which it authorizes to make such determinations, such as defendant Montgomery's Department. Nor do we wish to intimate that if and when such need schedules are calculated, the State must furnish all AFDC children with aid covering the full extent of such calculated need.

We say only that, the state having chosen to make expenditures to promote the welfare of needy children, those expenditures may not be made in such a way as to discriminate irrationally among the recipients. The limitations imposed by § 11450(a) create the forbidden irrational discrimination among recipients and that portion of § 11450(a) is therefore unconstitutional. It is to that statute alone, and the method of disbursement which it commands, that this court has directed its attention.

For the reasons expressed above, this court is of the opinion that the conflict between California Welfare & Institutions Code § 11450(a) and the equal protection clause of the Fourteenth Amendment creates a substantial likelihood that the plaintiffs are likely to prevail. This court is also of the opinion that those AFDC recipients whose state-determined needs are not met due to the operation of § 11450(a) form a proper class for the purpose of securing injunctive relief under Fed.R. Civ.Proc. 23(a) and 23(b) (2). Further, this court is properly convened, 28 U.S.C. § 2281, and has jurisdiction of the cause, 28 U.S.C. §§ 1343(3) and (4). King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

The foregoing memorandum opinion constitutes this court's findings of fact and conclusion of law according to Fed. R.Civ.Proc. 52(a).

Therefore,

It is ordered that defendants Montgomery, Terzian and Born are preliminarily enjoined, pending further order of this court, from enforcing the maximum aid table in California Welfare & Institutions Code § 11450(a) and all regulations promulgated thereunder.

HAMLIN, Circuit Judge (dissenting):

I respectfully dissent. Plaintiff contends that the California laws relating to the amount of aid to be given families with dependent children are violative of the 14th Amendment of the Constitution, which provides that no state "shall deny to any person within its jurisdiction the equal protection of the laws." Plaintiff seeks a preliminary injunction enjoining the enforcement of section 11450(a) of the California Welfare and Institutions Code, and the regulations promulgated thereunder.

Section 11450 of the Welfare and Institutions Code of California sets out the maximum amount that shall be paid to families having needy children. This statute does not contain an absolute lim-

itation as to the total amount that shall be paid (as do the statutes considered in the cases cited in the majority opinion). It does provide a plan whereby the amount of aid to the family increases when the number of dependent children in the family increases. It may be that such plan does not provide complete support in many cases, but I do not believe that it lacks a reasonable basis or that it arbitrarily or capriciously deprives anyone of the equal protection of the laws in violation of the United States Constitution.

The issue before us at this time is the application for a preliminary injunction. I feel such an application should be denied at this time.