Lillie **LINDSEY** et al., Plaintiffs,

v.

**Sidney E. SMITH**, Director of the Department of Public Assistance of the State of Washington; Reino E. Matson, District Administrator of the Department of Public Assistance of the State of Washington; the Department of Public Assistance of the State of Washington; and the State of Washington, Defendants.

Civ. A. No. 7636.

United States District Court
W. D. Washington, N. D.

Sept. 8, 1969.

Edmund J. Wood, Bertram L. Metzger, Jr., Sidney J. Strong, Seattle, Wash., for plaintiffs.

Walter E. White, Asst. Atty. Gen., State of Washington, Olympia, Wash., for defendants.

Before JERTBERG, Senior Circuit Judge, and BOLDT and GOODWIN, District Judges.

PER CURIAM:

Before us is a class action against the State of Washington, the Department of Public Assistance of the State of Washington, the Director, and the District Administrator of the Department of Public Assistance of the State of Washington. The plaintiffs seek a declaratory judgment, injunctive relief, and damages.[1]

Defendants do not oppose the bringing of the action as a class action.

Jurisdiction is properly invoked under the Civil Rights Act, 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. § 1983, and a three-judge district court has been convened as required by 28 U.S.C. § 2281. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

Plaintiffs have sued for themselves and on behalf of the class which they represent. They pray that we declare invalid, and permanently enjoin the enforcement of, Washington Revised Statute, Section 74.08.040, and regulations issued pursuant thereto, on the ground that the statute and the regulations deny to the plaintiffs, and the class they represent, the equal protection of the laws guaranteed to them by the Fourteenth Amendment to the Constitution of the United States.

The statute and the regulations deal with grants of public funds to various categories of residents of the State of Washington which need financial assistance for the reasons set forth in the statute.

Primarily at issue is the validity of the State of Washington's "maximum grant" regulations which provide, in substance, that no family entitled to benefits under the State's Aid to Families with Dependent Children Program (AFDC) will receive a grant from the State in excess of $325.00 per month.

The parties have stipulated that the plaintiffs are seventy-two persons who live together in seven large family units. Eight of the plaintiffs are adults, and sixty-four are children. All are poor and are currently recipients of public assistance grants from the defendant, Department of Public Assistance, in the category of aid to families with dependent children.

The family units constituted by plaintiffs are:

Plaintiff Lillie Lindsey, mother, and thirteen minor dependent children;

Plaintiff Hazel Dillard, mother, and nine minor dependent children and one minor dependent grandchild;

Plaintiff Ernestine Latham, mother, and eight minor dependent children;

Plaintiff Alice I. Sutton, mother, and eight minor dependent children;

Plaintiff Annie Mae Washington, mother, and seven minor dependent children;

Plaintiff Allen L. Rush, Jr., widower, and twelve minor dependent children; and

Plaintiffs Edward and Willa Olsen, parents, and six minor dependent children.

The State of Washington participates in the federal government's Aid to Families with Dependent Children Program (AFDC),[2] established by the Social Security Act of 1935, 42 U.S.C. §§ 301–304.

---

1. The parties stipulated that the issue of damages will be tried separately following the disposition of plaintiffs' claims for declaratory and injunctive relief.

2. Title 74 of the Revised Code of Washington, Annotated, particularly Chapter 74.12 thereof.

For the history, scope and purpose of the AFDC program, see King v. Smith, *supra.*

States participating in the AFDC program are required to submit a plan for the approval of the Secretary of Health, Education and Welfare (40 U.S.C. §§ 601–604).

The parties have stipulated that the Department of Public Assistance of the State of Washington has in effect a plan which has been approved by the Regional Office of the United States Department of Health, Education and Welfare, "which office is the normal approval agency of the Department of Health, Education and Welfare."

The law of Washington[3] provides, in parts relevant to this case, that grants of public assistance shall be awarded on a uniform state-wide basis in accordance with standards of assistance established by the Department of Public Assistance for aid to dependent children, and other categories of public assistance, which standards shall take into account the economy of joint living arrangements and shall be used to determine an applicant's or recipient's living requirements, which shall include reasonable allowances for shelter, fuel, food, clothing, household maintenance and operation, personal maintenance, and necessary incidentals, and that grants shall be paid in the amount of requirements less all available income and resources which can be applied by the recipient toward meeting need, including shelter.

The law further provides that in order to determine such standards of assistance, the Department of Public Assistance shall establish objective budgetary guides based upon actual living cost studies of the items of the budget, and that such living cost studies shall be renewed or revised annually, and new standards of assistance reflecting current living costs shall determine budgets of need.

The statute provides that the Department of Public Assistance "may, by rule and regulation, prescribe maximums for grants."

Pursuant to the authority conferred upon it by Chapter 74.08.040 RCW, the Department of Public Assistance, in establishing standards of assistance for determining the amounts of grants of public assistance to be awarded, considered the family as a whole, and specified that public assistance be awarded to assistance units. A family is considered as one unit for public assistance purposes.

Pursuant to the same authority, the Department of Public Assistance adopted relevant regulations, among which are the following:

*WAC 388-33-025,* provides that each grant shall be paid on the basis of need;

*WAC 388-22-030(45)* defines "need" as the amount of deficit which exists between the recipient's requirements and his non-exempt resources, and/or net income during the payment period, as measured by department standards.

*Sub-paragraph (64)* of the same regulation defines "requirement" as an item of maintenance or service recognized by the department as essential to the welfare of an individual.

*Sub-paragraph (64) (b)* of the same regulation defines "basic requirement" as the needs essential to all persons, including food, clothing, personal maintenance, necessary incidentals, shelter and household maintenance.

*WAC 388-33-030* provides: "When the total monthly cost of the requirements of any assistance unit in any category of assistance exceeds $325, the requirements costs shall be reduced to $325. * * *."

The standards of assistance for determining a recipient's living requirements, currently in effect, are set forth in regulations adopted by the Department of Public Assistance. Those relevant to our discussion are monthly requirements for each member of the

3. Chapter 74.08.040 Revised Code of Washington.

family unit for shelter, fuel, food, clothing, household maintenance and operation, personal maintenance, and necessary incidentals.

*WAC 388–28–085*—FOOD. The monthly standard for food shall be:

Number of persons in Household

| | 1 | 2 | 3 | 4 | 5 | 6 or more |
|---|---|---|---|---|---|---|
| Adult | $32.70 | $29.05 | $26.65 | $24.20 | $23.00 | $21.80 |
| Boy, 16 through 20 yrs. | 44.80 | 39.85 | 36.50 | 33.20 | 31.55 | 29.85 |
| Boy, 13 through 15 yrs. | 40.45 | 35.95 | 32.95 | 29.95 | 28.45 | 26.95 |
| Girl, 16 through 20 yrs. | 33.30 | 29.60 | 27.10 | 24.65 | 23.40 | 22.20 |
| Girl, 13 through 15 yrs. | 36.05 | 32.05 | 29.40 | 26.70 | 25.35 | 24.05 |
| Child, 10 through 12 yrs. | | 30.00 | 27.50 | 25.00 | 23.75 | 22.50 |
| Child, 6 through 9 yrs. | | 24.05 | 22.00 | 20.00 | 19.10 | 18.20 |
| Child, 3 through 5 yrs. | | 18.90 | 17.70 | 16.20 | 15.40 | 14.70 |
| Child, birth through 2 yrs. | | 15.95 | 14.70 | 13.45 | 12.80 | 12.10 |

*WAC 388–28–090*—CLOTHING. The monthly standard for clothing shall be:

| | |
|---|---|
| Adult | $ 8.10 |
| Boy or girl, 16 through 20 years | 10.70 |
| Boy or girl, 13 through 15 years | 10.80 |
| Child, 10 through 12 years | 9.55 |
| Child, 6 through 9 years | 8.60 |
| Child, 3 through 5 years | 7.05 |
| Child, birth through 2 years | 4.35 |

*WAC 388–28–095*—PERSONAL MAINTENANCE AND NECESSARY INCIDENTALS. The monthly standard for personal maintenance and necessary incidentals shall be:

| | |
|---|---|
| Adult | $ 9.90 |
| Boy or girl, 16 through 20 years | 9.90 |
| Boy or girl, 13 through 15 years | 7.75 |
| Child, 10 through 12 years | 5.10 |
| Child, 6 through 9 years | 3.85 |
| Child, 3 through 5 years | 2.40 |
| Child, birth through 2 years | 1.55 |

*WAC 388–28–105*—SHELTER—RENT. The monthly standard for rented shelter is the actual cost but not in excess of $80.00 per month for families residing in King County, Washington. Small adjustments are made if the rental charge includes cost of utilities.

*WAC 388-28-125*—HOUSEHOLD MAINTENANCE—UTILITIES AND HOUSEHOLD SUPPLIES. (1) The monthly standard shall be:

| Persons in Household | Total | Utilities | | Household Supplies | Garbage & Sewage Disposal |
|---|---|---|---|---|---|
| | | Water | All Other* | | |
| 1 | $16.70 | $2.00 | $5.30 | $ 7.75 | $1.65 |
| 2 | 18.60 | 2.00 | 5.60 | 9.35 | 1.65 |
| 3 | 21.30 | 2.00 | 5.80 | 11.85 | 1.65 |
| 4 | 23.10 | 2.00 | 6.00 | 13.45 | 1.65 |
| 5 | 26.10 | 2.00 | 6.25 | 16.20 | 1.65 |
| 6 | 28.10 | 2.00 | 6.50 | 17.95 | 1.65 |
| 7 | 30.75 | 2.00 | 6.80 | 20.30 | 1.65 |
| 8 or more | 32.75 | 2.00 | 7.10 | 22.00 | 1.65 |

* Fuel for cooking and water heating, light and refrigeration.

*WAC 388-28-130*—FUEL FOR SPACE HEATING. The monthly standard for any type of fuel for space heating in King County, Washington:

| Persons in Household | |
|---|---|
| 1 | $10.15 |
| 2 | 12.95 |
| 3 | 17.45 |
| 4 | 17.45 |
| 5 | 17.45 |
| 6 | 20.30 |
| 7 | 20.30 |
| 8 or more | 20.30 |

Total requirements for the family units constituted by plaintiffs, as measured by standards of assistance fixed by the Department of Public Assistance are:

| | |
|---|---|
| For the Lindsey family | $662.20 per month; |
| For the Dillard family | 444.49 per month; |
| For the Latham family | 355.60 per month; |
| For the Sutton family | 470.65 per month; |
| For the Rush family | 554.10 per month; |
| For the Washington family | 335.60 per month; |
| For the Olsen family | 371.25 per month. |

In respect to each of the family units described in the complaint, grants were paid in the monthly amount of $325.

The monthly grant paid to the Lindsey family is less than 50% of the monthly cost of living requirements as measured by standards of assistance fixed by the Department of Public Assistance; to the Dillard family less than 74%; to the Latham family less than 92%; to the Sutton family less than 70%; to the Rush family less than 59%; to the Washington family less than 97%; and to the Olsen family less than 88%.

It is clear to us that the effect of the application of *WAC 388-33-030, supra,* is to create two classes of persons,— families with a large number of dependent children whose monthly cost of living requirements as measured by standards of assistance fixed by the Department of

Public Assistance is in excess of $325.00 and families with a smaller number of dependent children whose monthly cost of living requirements as measured by standards of assistance fixed by the Department of Public Assistance is less than $325.00, and necessarily subjects the larger families to different and less favorable treatment under Washington's AFDC program than the smaller families.

Grants to families with a small number of dependent children are based upon need and are in amounts sufficient to meet total need. Grants to families with a large number of dependent children are not based upon need but upon the maximum grant provision which, as to them, is in an amount less than need.

The distinction between the two classes of families has no rational basis and constitutes invidious discrimination. See Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

 We conclude that Washington's maximum grant regulation, *WAC 388–33–030, supra,* is void and unenforceable because it denies plaintiffs equal protection of the laws guaranteed to them by the Fourteenth Amendment to the Constitution of the United States. Other courts which have considered the constitutional validity of similar regulations have arrived at the same conclusion. Williams v. Dandridge, 297 F.Supp. 450 (D.C.Md.1968); Dews v. Henry, 297 F. Supp. 587 (D.C.Ariz. 1969); Westberry v. Fisher, 297 F.Supp. 1109 (D.C.Me. 1969).

 Defendants' contention that plaintiffs must exhaust their state provided remedy before they are entitled to proceed in federal court is without merit. King v. Smith, *supra.*

Determination of issues not disposed of in this order is deferred until the trial on the issue of damages.

Judgment will be entered for the plaintiffs, declaring Washington's maximum grant regulation unconstitutional and void, and enjoining the defendants from its further enforcement.

Plaintiffs shall serve upon defendants and submit form of proposed decree within ten days from the filing of this order.