LEVY, ADMINISTRATRIX *v.* LOUISIANA
THROUGH THE CHARITY HOSPITAL
OF LOUISIANA AT NEW ORLEANS
BOARD OF ADMINISTRA-
TORS ET AL.

No. 508. Argued March 27, 1968.—Decided May 20, 1968.

*Norman Dorsen* argued the cause for appellant. With
him on the brief were *Adolph J. Levy, Lawrence J. Smith,*
and *Melvin L. Wulf.*

*William A. Porteous III* argued the cause for appel-
lees. With him on the brief were *Jack P. F. Gremillion,*
Attorney General of Louisiana, *Dorothy D. Wolbrette*
and *L. K. Clement, Jr.,* Assistant Attorneys General, and
*William A. Porteous, Jr.*

Briefs of *amici curiae,* urging reversal, were filed by
*Leo Pfeffer* and *Joseph B. Robison* for the Executive
Council of the Episcopal Church in the U. S. A. et al.,
and by *Harry D. Krause, Jack Greenberg,* and *Leroy D.*

*Clark* for the NAACP Legal Defense and Educational Fund, Inc., et al.

Brief of *amicus curiae,* urging affirmance, was filed by *Mr. Gremillion, pro se, William P. Schuler,* Second Assistant Attorney General, and *Mrs. Wolbrette* and *Mr. Clement* for the Attorney General of Louisiana.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Appellant sued on behalf of five illegitimate children to recover, under a Louisiana statute [1] (La. Civ. Code Ann. Art. 2315 (Supp. 1967)) for two kinds of damages as a result of the wrongful death of their mother: (1) the damages to them for the loss of their mother;

---

[1] "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

"As used in this article, the words 'child,' 'brother,' 'sister,' 'father,' and 'mother' include a child, brother, sister, father, and mother, by adoption, respectively."

and (2) those based on the survival of a cause of action which the mother had at the time of her death for pain and suffering.   Appellees [2] are the doctor who treated her and the insurance company.

We assume in the present state of the pleadings that the mother, Louise Levy, gave birth to these five illegitimate children and that they lived with her; that she treated them as a parent would treat any other child; that she worked as a domestic servant to support them, taking them to church every Sunday and enrolling them, at her own expense, in a parochial school.   The Louisiana District Court dismissed the suit.   The Court of Appeal affirmed, holding that "child" in Article 2315 means "legitimate child," the denial to illegitimate children of "the right to recover" being "based on morals and general welfare because it discourages bringing children into the world out of wedlock."   192 So. 2d 193, 195. The Supreme Court of Louisiana denied certiorari.   250 La. 25, 193 So. 2d 530.

The case is here on appeal (28 U. S. C. § 1257 (2)); and we noted probable jurisdiction, 389 U. S. 925, the statute as construed having been sustained against challenge under both the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

We start from the premise that illegitimate children are not "nonpersons."   They are humans, live, and have their being.[3]   They are clearly "persons" within the meaning of the Equal Protection Clause of the Fourteenth Amendment.[4]

---

[2] The State of Louisiana was dismissed from the action and exceptions relating to the Charity Hospital, at which the mother was treated, were continued indefinitely.   No appeal was taken with respect to either of those defendants.

[3] See Note, The Rights of Illegitimates Under Federal Statutes, 76 Harv. L. Rev. 337 (1962).

[4] No State shall "deny to any person within its jurisdiction the equal protection of the laws."

While a State has broad power when it comes to making classifications (*Ferguson* v. *Skrupa*, 372 U. S. 726, 732), it may not draw a line which constitutes an invidious discrimination against a particular class. See *Skinner* v. *Oklahoma*, 316 U. S. 535, 541–542. Though the test has been variously stated, the end result is whether the line drawn is a rational one. See *Morey* v. *Doud*, 354 U. S. 457, 465–466.

In applying the Equal Protection Clause to social and economic legislation, we give great latitude to the legislature in making classifications. *Williamson* v. *Lee Optical Co.*, 348 U. S. 483, 489; *Morey* v. *Doud, supra*, at 465–466. Even so, would a corporation, which is a "person," for certain purposes, within the meaning of the Equal Protection Clause (*Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181, 188) be required to forgo recovery for wrongs done its interests because its incorporators were all bastards? However that might be, we have been extremely sensitive when it comes to basic civil rights (*Skinner* v. *Oklahoma, supra*, at 541; *Harper* v. *Virginia Board of Elections*, 383 U. S. 663, 669–670) and have not hesitated to strike down an invidious classification even though it had history and tradition on its side. (*Brown* v. *Board of Education*, 347 U. S. 483; *Harper* v. *Virginia Board of Elections, supra*, at 669.) The rights asserted here involve the intimate, familial relationship between a child and his own mother. When the child's claim of damage for loss of his mother is in issue, why, in terms of "equal protection," should the tortfeasors go free merely because the child is illegitimate? Why should the illegitimate child be denied rights merely because of his birth out of wedlock? He certainly is subject to all the responsibilities of a citizen, including the payment of taxes and conscription under the Selective Service Act. How under our constitutional regime can he be denied correlative rights which other citizens enjoy?

■

Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother. These children, though illegitimate, were dependent on her; she cared for them and nurtured them; they were indeed hers in the biological and in the spiritual sense; in her death they suffered wrong in the sense that any dependent would.[5]

We conclude that it is invidious to discriminate against them when no action, conduct, or demeanor of theirs [6] is possibly relevant to the harm that was done the mother.[7]

*Reversed.*

[For dissenting opinion of MR. JUSTICE HARLAN, see *post*, p. 76.]

---

[5] Under Louisiana law both parents are under a duty to support their illegitimate children. La. Civ. Code Ann. Arts. 239, 240 (1952).

[6] We can say with Shakespeare: "Why bastard, wherefore base? When my dimensions are as well compact, My mind as generous, and my shape as true, As honest madam's issue? Why brand they us With base? with baseness? bastardy? base, base?" King Lear, Act I, Scene 2.

[7] Under Louisiana's Workmen's Compensation Act (La. Rev. Stat. Ann. §§ 23:1231, 23:1252, 23:1253 (1964)) an illegitimate child, who is a dependent member of the deceased parent's family, may recover compensation for his death. See *Thompson* v. *Vestal Lumber & Mfg. Co.*, 208 La. 83, 22 So. 2d 842 (1945). Employers are entitled to recover from a wrongdoer workmen's compensation payments they make to the deceased's dependent illegitimate children. See *Board of Commissioners* v. *City of New Orleans*, 223 La. 199, 65 So. 2d 313 (1953); *Thomas* v. *Matthews Lumber Co.*, 201 So. 2d 357 (Ct. App. La. 1967).