222 So.2d 642 (1969)
Succession of Arthur BUSH.
No. 3446.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
*643 George O'Dowd, New Orleans, for appellee.
Windhorst, Heisler & de Laup, Clifford P. de Laup, Jr., and Ronald P. Loumiet, New Orleans, for appellant.
Before HALL, GARDINER and LeSUEUR, JJ.
HALL, Judge.
Arthur Bush died intestate at his domicile in the City of New Orleans on January 24, 1968. He had been married but once and then to Gladys Fisher who survived him. No children were born of the marriage and he left no ascendants.
On May 23, 1968 one Arthur Bush (previously known as Arthur Davis), claiming to have been adopted by the decedent by notarial act dated October 27, 1965, filed a petition to be placed in possession of decedent's estate as his sole and only heir.
On June 28, 1968 Gladys Fisher Bush, widow of the decedent, filed a rule in opposition to the petition for possession on the ground that the petitioner, Arthur Bush, (Arthur Davis) had never been legally adopted by the deceased. Trial of this rule resulted in a judgment maintaining the opposition and dismissing the petition for possession. The petitioner, Arthur Bush (Arthur Davis) appealed.
The matter was submitted to us on written briefs without oral argument.
While the record is incomplete there is no dispute as to any of the facts. The petitioner, Arthur Bush (Arthur Davis) is the son of decedent by one Anna Harper. The decedent and Anna Harper were never married to each other. In fact when the petitioner was born the decedent was married to and living with Gladys Fisher Bush, his surviving widow.
The decedent by notarial act dated October 27, 1965, sought to adopt his illegitimate son, then 23 years old, under the provisions of LSA-R.S. 9:461. In this act decedent acknowledged that he was married *644 to Gladys Bush; however Gladys Bush did not appear in the act to concur in the adoption and has not consented thereto.
LSA-C.C. Art. 214 reads in part as follows:
"Art. 214. Married persons must concur in the adoption of another person. One of them cannot adopt without the consent of the other."
It is well settled that adoption is a creature of the law and the statutory requirements must be strictly carried out; otherwise the act of adoption is an absolute nullity. See Owles v. Jackson, 199 La. 940, 7 So.2d 192; Ball v. Campbell, 219 La. 1076, 55 So.2d 250.
The procedural law set forth in LSA-R.S. 9:461 in no way derogates from the force and effect of the Codal Article 214. The act of adoption in question is therefore an absolute nullity for lack of concurrence therein by decedent's wife.
Appellant argues that if the notarial act of October 27, 1965 fails as an act of adoption it nevertheless should be considered as an act of legitimation since it clearly expresses the intention of the decedent that Arthur Bush (Arthur Davis) is to have all the rights of a forced heir. The answer to this argument is found in Civil Code Article 200 (LSA-C.C. Art. 200) which states that "* * * only those natural children can be legitimated who are offspring of parents who, at the time of conception, could have contracted marriage. * * *"
However appellant argues that Civil Code Article 200 is unconstitutional as being contrary to both the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.
Appellant's entire argument in this respect is based on the decision of the United States Supreme Court in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, which held that the denial to illegitimate children by Louisiana Civil Code Article 2315 (LSA-C.C. Art. 2315) of the right to recover for the wrongful death of their mother upon whom they were dependent constituted invidious discrimination against them. The dissenting opinion in that case written by Mr. Justice Harlan and concurred in by two other members of the Court characterized the holding of the Court as having been arrived at "by a process that can only be described as brute force."
While we do not consider the Levy case to be analogous to the case before us we feel constrained to add that we are not disposed to extend by analogy the holding in that case to any case which does not involve the same codal article and the same factual situation.
For the foregoing reasons the judgment appealed from is affirmed; costs of both Courts to be borne by appellant.
Affirmed.