S. Samuel Di Falco, S.
The objectants John A. Slade and William B. Sabin, Jr. have moved to set aside the decisions of August 30,1968 ( 57 Misc 2d 982) and November 7,1968 upon the grounds (a) that the decision of August 30, 1968 and the decree entered thereon on January 28, 1969 denied them the equal protection of the laws as guaranteed by the Constitutions of the United States and the State of New York; and (b) that the deci *585 sion of November 7, 1968 denying costs, disbursements and counsel fees to them was contrary to prior decisions of this court and other courts of competent jurisdiction. The decision of August 30, 1968 held that these two claimants were not entitled to share as distributees because of the illegitimacy of their progenitors. All parties agreed that the English law of succession controlled the distribution of the personal estate because this decedent died a domiciliary of Great Britain (Decedent Estate Law, § 47; now EPTL 3-5.1, subd. [b], par. [2] ; Matter of Gifford, 279 N. Y. 470). Objectants now request that, upon reconsideration, a decision be made establishing them as the distributees of the decedent.
The basis of the instant motion is the decision in Levy v. Louisiana (391 U. S. 68) and two subsequent cases following in its wake. (Schmoll v. Creecy, 104 N. J. Super. 126, decided by the New Jersey Superior Court, Appellate Division on January 10, 1969 and Matter of Jensen, 162 N. W. 2d 861 [No. Dak.], decided by the Supreme Court of North Dakota on Nov. 14, 1968.) The court in the Levy case determined that the wrongful death statute of Louisiana (La. Civ. Code, art. 2315) authorizing actions in favor of legitimate children and not in behalf of illegitimate children was invidious and denied the latter group equal protection of the Fourteenth Amendment of the Constitution of the United States. A decision based on the same premise was rendered by the same court on the same day (May 20, 1968) in Glona v. American Guar. Co. (391 U. S. 73).
In Schmoll v. Creecy (104 N. J. Super. 126, supra) the court upheld the constitutionality of a statute excluding illegitimates from maintaining an action for the wrongful death of their father and distinguished it from the Louisiana statute involved in Levy. The court stated that “ [T]he statutory plan that all entitled to take must first qualify as persons who would inherit any personal property of a decedent dying intestate, still remains in force. Membership in the class is an indispensable condition to the right of any part of the recovery. No such condition of eligibility is imposed by the Louisiana statute.”
In Matter of Jensen (162 N. W. 2d 861, supra), the court struck down as unconstitutional under the Levy decision a statute which prohibited an illegitimate child from inheriting from the legitimate child of their common mother. A careful reading of that decision discloses that there was an inconsistency between the general provision and a special provision in a statute and pursuant to a rule of construction contained in a North Dakota Century Code, it was determined that the special provision under which illegitimates may inherit prevailed.
*586 The illegitimacy of objectants ’ progenitors was based on the illegitimate birth of two children to the maternal aunt of decedent. One child, the mother of objectant Slade, was born in 1846. The other child, the grandmother of objectant Sabin was born in 1849. In both of those years, the State of New York accepted the common-law concept of mtllius filius (Fourth Report of Temporary Comm. on Law of Estates, pp. 242 and 243). The Fourteenth Amendment of the Constitution of the United States was certified to be a part thereof on July 28, 1868. Section 11 of article I was added to the Constitution of the State of New York on November 8, 1938.
Unlike the Levy case there is no New York statute herein which deprives the objectants of their inherent rights. The problem in Levy was one of statutory construction. More forceably, the Levy decision will not alter the impact and effect of the law of England which governed the “ right to share ” and was controlling.
On the second branch of the motion for a reconsideration of the decision of November 7, 1968 which denied costs and disbursements to the objectants they cite Matter of Wiltshire (4 A D 2d 981) and Matter of Dodge (N. Y. L. J., Aug. 27, 1962, p. 8, col. 5). The objectants were unsuccessful in proving their kinship to the decedent. Unlike Matter of Wiltshire, the burden here was on the successful claimants to establish that their unsuccessful adversaries had no right to take or share in the estate. Unlike Matter of Dodge, the criterion to be met is whether the services benefited the estate and not whether the services rendered aided the court in its determination. The services of the attorneys for these objectants did not benefit the estate so that they would not be entitled to compensation from the assets. This proceeding was not for the construction of a will which would be the basis for compensation to the attorneys under SCPA 2302. The application is therefore denied in all respects.