248 So.2d 852 (1971)
Bertha Mae Hayes DICKERSON, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee.
No. 11619.
Court of Appeal of Louisiana, Second Circuit.
May 25, 1971.
Rehearing Denied June 22, 1971.
*853 Watson, Murchison, Crews & Arthur, by William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Jack O. Brittain, Natchitoches, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied June 22, 1971.
PRICE, Judge.
This is an appeal from the judgment of the district court rejecting the claims of Bertha Mae Hayes (Dickerson) for benefits under the Workmen's Compensation Statute as a result of the death of Robert Dickerson, with whom she was living in open concubinage at the time of his death.
Defendants in the action are Frazier Machine and Supply Company and Employers Mutual Liability Insurance Company of Wisconsin, the workmen's compensation insurance carrier.
The facts in the case are not in dispute and are substantially as follows:
Dickerson was killed in the course of his employment with Frazier Machine and Supply Company on August 26, 1970, in Winnfield, Louisiana. At the time of his death he was doing hazardous work and earning an average wage of $80.00 per week. All medical and funeral expenses have previously been paid by the insurance carrier.
Plaintiff alleges she is entitled to benefits under the Act as the wife of the decedent upon whom she was totally dependent. Alternatively, she contends that should it be determined the statutory or jurisprudential law prohibits her recovery of benefits due to her relationship with decedent, then she has thereby been deprived of her rights guaranteed by the Fourteenth Amendment to the United States Constitution and such laws effecting her deprivation of rights should be declared unconstitutional.
The evidence in the record amply sustains the finding of the trial judge that the plaintiff and decedent began living together about twenty-seven years ago without benefit of marriage. They both knew that Dickerson was already married and could not legally contract another marriage. With this knowledge plaintiff could not attain the status of a putative wife. The court, therefore, rendered judgment rejecting plaintiff's demands.
Plaintiff contends on this appeal the trial judge erred in holding that for a dependent spouse to recover workmen's compensation benefits for the death of her husband, she must have been either his legal or his putative wife. Appellant also complains the court was in error in not affording her relief under the equal protection clause of the Fourteenth Amendment.
Although counsel for appellant acknowledges the Supreme Court of this State has ruled adversely to his position in the case of Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 (1958), a decision which has not been overruled, he contends this decision is not in keeping with the social purpose of the Workmen's Compensation Statute and should be no longer followed in view of the rulings of the United States Supreme Court in the later cases of Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968).
*854 Appellant argues that the principles enunciated in these cases justify this court to disregard the Humphries case as a controlling precedent. We cannot agree with this contention. The Levy and Glona cases involved different areas of the law. Levy dealt with the right of illegitimate children to bring an action for wrongful death of their mother under Article 2315 of the La. Civil Code. In the Glona case the Court considered the constitutionality of the Louisiana law excluding the mother of an illegitimate child from maintaining an ex delicto action for the wrongful death of the child. Although the Court found our state law in each of these cases to be in violation of the equal protection clause of the Constitution, in the later case of Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), the court declined to extend the holdings in Levy and Glona to other areas of law in the following language:
"In this Court appellant argues that Louisiana's statutory scheme for intestate succession that bars this illegitimate child from sharing in her father's estate constitutes an invidious discrimination against illegitimate children that cannot stand under the Due Process and Equal Protection Clauses of the Constitution. Much reliance is placed upon the Court's decisions in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968). For the reasons set out below, we find appellant's reliance on those cases misplaced, and we decline to extend the rationale of those cases where it does not apply. Accordingly, we affirm the decision below."
In view of the Labine v. Vincent decision restricting the doctrines of Levy and Glona to the specific areas of law under consideration in those cases, we consider the Humphreys case to still be the controlling law of this State on the question now before us, and are constrained to follow this decision of our Supreme Court.
For the foregoing reasons the judgment appealed from is affirmed. All costs to be paid by appellant.