Nathan R. Sobel, S.
This case presents a novel issue.
In order to bring an action for wrongful death, the mother of the decedent and the illegitimate daughter of the decedent cross-petition for limited letters of administration. An illegitimate child, by virtue of Levy v. Louisiana (391 U. S. 68), is now entitled to share in the recovery. This decision creates the issue.
The daughter is illegitimate only in the sense that she has not been legitimated under the controlling statute (EPTL 4-1.2). In other ways her father, the decedent, has acknowledged paternity by holding out, by support, by nominating her as his “ daughter ” to receive employee benefits, etc. The petitioning mother of the decedent in her petition acknowledges that the decedent recognized the daughter and supported her. And, since the death of the decedent, the Social Security Administration, on the basis of proof and despite the absence of judicial acknowledgment or court decree, has awarded the illegitimate daughter the same benefits as though legitimate.
Nevertheless on the face of our statutes the illegitimate child is not entitled to letters of administration (SCPA 1001). Only a legitimate or legitimated child is entitled to priority over a parent of the decedent. In short, our statutes provide that neither formal acknowledgment outside of court nor informal acknowledgment such as residing in the same household or receiving support serves to make an illegitimate child eligible for letters. Other than the marriage of the parents before or after birth (see Domestic Relations Law, § 24), EPTL 4-1.2 is the only means open to legitimate the child, and that statute requires formal judicial proceedings to be instituted “within two years from the birth of the child” (see, also, Family Ct. Act, §§ 511-518). It may be noted parenthetically that no initiative of a child, since at age two he cannot act for himself, can achieve for him legitimate status. This court and other courts have questioned the constitutionality of such procedures. This *322 need not be discussed, since in any event to raise a constitutional issue some other form of ‘ ‘ substitute ’ ’ judicial procedure during the lifetime of the father would be required and none has been had in this case.
Parenthetically all that has been said with respect to the right to letters would apply in all respects to the right of an illegitimate child to inherit in intestacy under EPTL 4-1.1. But, in this latter regard, it has recently been determined that, under the United States Constitution, no Federal constitutional right of the illegitimate child to inherit is violated by statutes such as our own (Labine v. Vincent, 401 U. S. 532).
None of this decides the issue.
In Levy v. Louisiana (391 U. S. 68, supra) the Supreme Court held that a Louisiana statute which prohibits recovery by an illegitimate child for the wrongful death of his mother created an invidious discrimination which violated the equal protection elau.se. The essence of the opinion in Levy (p. 72) is “ that it is invidious to discriminate against them [illegitimate children] when no action, conduct, or demeanor of theirs is possibly relevant to the harm that was done to the mother ’ ’. Other cases hold that the decision is equally applicable to an action for the wrongful death of the father (Schmoll v. Creecy, 54 N. J. 194, 197; Matter of Ortiz, 60 Misc 2d 756; see, also, the Levy case on remand reported in 253 La. 73).
Thus, by Federal constitutional command illegitimate children are entitled to share in the wrongful death recovery to the same extent as legitimate children. Levy did not discuss how paternity must be proved. But in the companion case of Glona v. American Guar. Co. (391 U. S. 73) which involved a mother’s right to sue for the wrongful death of her illegitimate son, the court mentioned (p. 76) that the decisions may very well be a temptation “ to assert motherhood [fatherhood] fraudulently ”. But said the court ‘ ‘ that problem, however, concerns burden of proof. Where the claimant is plainly the mother [daughter], the State denies equal protection of the laws to withhold relief ’ ’ merely because the child is illegitimate.
Here plainly the illegitimate child is the daughter of the decedent. No suggestion to the contrary is made by the petitioning mother.
We therefore have the anomalous situation where the cross petitioner (the infant daughter) is entitled under our statutes to the whole recovery but cannot receive letters to commence a wrongful death action. This is the result of the statutes governing such actions.
*323 The action must be brought by the personal representative of the decedent (EPTL 5-4.1). It may not be brought in the name or names of the persons who suffer pecuniary loss. As already noted, on the face of our statute (SOPA 1001) the illegitimate child is not entitled to letters.
The amount of the recovery is the “ fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought ” (EPTL 5-4.3). There is no doubt that the mother of the decedent in this case suffered pecuniary loss. To a greater extent so did the illegitimate child. But if there is a child of the decedent, the mother of the decedent does not share. Subdivision (a) of EPTL 5-4.4 requires the recovery to “be distributed to the persons entitled thereto under 4-1.1 ”. The latter statute excludes a parent of decedent when there is a child of the decedent surviving. Thus as noted, we have a situation where the action can only be brought in the name of the mother of the decedent who cannot if successful .share in the recovery. And, the action may not be brought in the name of the illegitimate child, who if there is a recovery, will receive the entire amount.
The point, of course, is that the Levy decision has commanded a “judicial” amendment of the wrongful death distribution statute. It commanded that an illegitimate child be treated as a legitimate child. The statute (EPTL 5-4.4) must be read— ‘ ‘ The damages * * * are exclusively for the benefit of the decedent’s distributees which shall include illegitimate children ”.
The question is, does this court have the power to judicially construe SOPA 1001 and afford priority to letters to an illegitimate child to the same extent as to a legitimate child over the petition of the father or mother. In this court’s opinion the answer is 1 ‘ yes ’ ’ when the letters are limited solely to the commencement of an action for wrongful death and the only person entitled to priority is one who cannot share in the recovery. A party solely interested in the recovery should be entitled to control the action. This court would, if required, grant limited letters to the petitioning’ daughter.
There are in this wrongful death action however complicated issues of law. Recovery should not be further complicated by issues as to proper parties plaintiff. Fortunately the parties are friendly and the attorneys co-operative. The attorneys who have charge of the action were recommended to the petitioning mother from the Bar Association panel.
*324 The court desires to issue letters jointly to both petitioners. Subdivision 5 of section 1001 authorizes any distributee to consent to any other person (whether a distributee or not) to be appointed jointly as a fiduciary. The court suggests that each petitioner consent to the appointment of the other. The court will appoint both. Under such circumstances there can be no objection of improper parties plaintiff.
All other issues need not be determined until there is a recovery.