Ethel L. WATTS et al., Plaintiffs,

v.

John G. VENEMAN et al., Defendants.

Civ. A. No. 1757-70.

United States District Court,
District of Columbia.

Oct. 28, 1971.

Byron K. Welch and Rosalyn B. Bell,
Washington, D. C., for plaintiffs.

Joseph M. Hannon, Lawrence S. Margolis, J. Michael McGarry, III, Asst. U. S. Attys., for defendants; Paul Merlin, Randolph W. Gains, Sarah L. Kemble, Social Sec. Div., Office of Gen. Counsel, U. S. Dept. of Health, Education and Welfare, Washington, D. C., of counsel.

## OPINION AND ORDER

CORCORAN, District Judge.

### I

This action is brought under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review two final decisions of the Secretary of Health, Education and Welfare denying separate claims to child's insurance benefits under § 202(d) of the Act, 42 U.S.C. § 402(d). The first claim was asserted by Ethel L. Watts on behalf of Patricia and John T. Sumlin, minors; and the second claim was asserted by Audrey M. Marlowe on behalf of Lamont S., and Michelle L. and Michael T. Jones, minors. In each instance the issue is before the Court on cross motions for summary judgment.

### II

The decision of both claims asserted herein rests in the interpretation and application of Section 202(d) of the Social Security Act, 42 U.S.C. § 402(d). That section accords benefits to the child of an individual who dies fully or currently insured if:

(A) an application has been filed for child's insurance benefits; and

(B) at the time such application was filed the child was unmarried; and

(C) the child had either

(1) not attained the age of 18 or

(2) was a full-time student who had not attained the age of 22 or

(3) was under a disability which began before he reached age 18; and

(D) the child was dependent upon the insured individual at the time the insured individual died.

"Child" is defined in § 216(e) of the Act, 42 U.S.C. § 416(e) as the child, the legally adopted child or the stepchild of an individual. Section 216(h) (2) (A) of the Act, 42 U.S.C. § 416(h) (2) (A), further provides that in determining whether an applicant is the child of insured individual, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which the insured individual is domiciled at the time the application is filed or, if such individual is dead, by the courts of the State in which he was domiciled at the time of his death. An applicant who according to such law would have the same status relative to taking intestate personal property as a child shall be deemed such.

1965 Amendments to the Social Security Act enlarged the definition of child to include an illegitimate child who does not meet the pre-Amendment definition of "child," Section 216(h) (3), 42 U.S.C. § 416(h) (3). Under Section 216(h) (3) (C), an illegitimate child of an insured wage earner is deemed the child of such individual for purposes of child's benefits, but only if:

(1) the wage earner has acknowledged in writing that the applicant is his son or daughter; or

(2) the wage earner has been decreed by a court to be the father of the applicant; or

(3) the wage earner has been ordered by a court to contribute to the support of the applicant because the applicant is his son or daughter; or

(4) the wage earner is shown by satisfactory evidence to have been the father of the child and was living with the child or contributing to the support of the child at the time the insured individual died.

### III

Since the challenges of the two plaintiffs to the denial of benefits vary somewhat in their thrust, we treat each claim separately.

### A. *THE CLAIM OF ETHEL WATTS*

Plaintiff Watts filed two applications for child's insurance benefits on behalf of Patricia Sumlin and John T. Sumlin,

the surviving children of John Sumlin, a fully insured wage earner. The Secretary of Health, Education and Welfare denied the first application dated May 3, 1966 and the plaintiff failed to appeal. The second application dated July 5, 1968 sought a reconsideration of the earlier denial of benefits. Reconsideration was had. A hearing, as requested by the plaintiff, was accorded to her. The Hearing Examiner made findings and denied relief. The Appeals Council affirmed the Hearing Examiner's decision and allowed it to stand as the final decision in the case.

Based on the evidence presented at the hearing on plaintiff's application, the Hearing Examiner found that neither Patricia nor John qualified as the "child" of the wage earner under Sections 216(e), 216(h) (2), or 216(h) (3) of the Social Security Act and therefore, concluded that said children were not entitled to child's insurance benefits under § 202(d) of the Social Security Act. Specifically, the Hearing Examiner determined that neither Patricia nor John qualified as the child of the wage earner under Section 216(h) (2) because he found that such children were illegitimate, that the wage earner was domiciled in the District of Columbia at the time of his death and that under the law of the District of Columbia[1] an illegitimate child does not inherit intestate personal property from his father.

In addition, the Hearing Examiner determined that neither Patricia nor John could qualify as the "child" of the wage earner under the broadened definition contained in Section 216(h) (3). The Hearing Examiner found no evidence on the record of an acknowledgment in writing by the wage earner that he was the father of Patricia or John T. Sumlin, or of a court decree pronouncing the wage earner to be the father of Patricia or John or directing the wage earner to contribute to their support. Finally, although the Hearing Examiner was satisfied that the evidence was sufficient to establish that the wage earner fathered Patricia and John, he found the record failed to establish that the wage earner was living with the children or contributing to their support at the time of his death.

The plaintiff does not challenge the findings of the Hearing Examiner as affirmed by the Secretary of Health, Education and Welfare. Rather, the plaintiff complains that Patricia and John T. Sumlin were denied child's insurance benefits solely because they are illegitimate children and alleges that the provisions of the Social Security Act and of the District of Columbia law of intestate succession that dictate this discrimination violate the Due Process Clause of the Fifth Amendment. In support of this argument plaintiff relies chiefly on Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, reh. denied, 393 U.S. 898, 89 S.Ct. 65, 21 L.Ed.2d 185 (1968), and Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441, reh. denied, 393 U.S. 898, 89 S.Ct. 66, 21 L.Ed. 2d 185 (1968).

In *Levy* the Supreme Court held that Louisiana could not, consistently with the equal protection clause, bar an ille-

---

1. Section 19–306 of the District of Columbia code provides: "When the intestate leaves children and no other descendants, the surplus is divided equally among them." D.C.C.E. § 19–306, Section 19–316 of the code states: "The illegitimate children of a female and the issue of illegitimate children of a female are capable to take real and personal estate by inheritance from their mother, * * * in like manner as if born in lawful wedlock." D.C.C.E. § 19–316. Plaintiff has contended that these provisions of the District of Columbia code do not preclude illegitimate children from inheriting from their fathers. However, the Court is persuaded that Section 19–316 was intended "to remove the common law disability of inheritance through the maternal line," Southern R. Co. v. Hawkins, 35 App.D.C. 313, 21 Ann.Cas. 926 (1910), and that the common law rule prohibiting illegitimates from inheriting from their fathers is still the prevailing law in the District of Columbia.

gitimate child from recovering for the wrongful death of its mother when such recovery by a legitimate child was authorized. In *Glona* the Court held invalid a statute that prohibited a mother from recovering for the wrongful death of her illegitimate son. Plaintiff urges that these decisions compel the conclusion that the illegitimate child must enjoy the same right to child's insurance benefits under the Social Security laws and the same right to share in the inheritance of his parent's estate under District of Columbia law that the legitimate child enjoys.

■ Insofar as plaintiff's complaint of unlawful discrimination hinges on the unconstitutionality of the District of Columbia intestate succession statute, it must fail. The Supreme Court in *Labine v. Vincent*, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971) recently affirmed the constitutionality of the Louisiana statute of intestate succession which discriminated against illegitimate children in a manner similar to that of the District of Columbia statute. The Supreme Court declined to extend the rationale of the *Levy* and *Glona* cases and stated, "Levy did not say and cannot fairly be read to say that a State can never treat an illegitimate child differently from legitimate offspring." 401 U.S. 536, 91 S.Ct. 1019, 28 L.Ed.2d 292. The Court concluded that discriminatory choices embodied in an intestate succession statute do not offend notions of equal protection of the laws when such choices are made by a state in the exercise of its "power to make rules to establish, protect, and strengthen family life as well as to regulate the disposition of property left in [the state] by a man dying there." 401 U.S. 538, 91 S.Ct. 1021, 28 L.Ed.2d 294. In view of *Labine*, this Court considers the District of Columbia intestate sucession statute constitutional.

■ The Court must further consider whether Section 216(h) (2) of the Social Security Act, 42 U.S.C. § 416(h) (2), which incorporates the District of Columbia law of intestate succession as part of the test of eligibility for child's insurance benefits, and Section 216(h) (3) of the Act, as applied by the Secretary in this case to deny child's insurance benefits to illegitimate children, offend the Due Process Clause of the Fifth Amendment. The answer to this question turns on whether the discrimination against illegitimate children embodied in the statutory scheme is without any foundation in reason. The Due Process Clause bars only the "invidious discrimination" or the classification which is "patently arbitrary [and] utterly lacking in rational justification." Fleming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435, 1445 (1960), Williamson v. Lee Optical of Okl., 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955), Gruenwald v. Gardner, 390 F.2d 591, 592 (2nd Cir. 1968), cert. denied, 393 U.S. 982, 89 S. Ct. 456, 21 L.Ed.2d 445 (1968). On the other hand, a classification which has a reasonable relation to the object of the legislation does not violate due process.

■ The Court finds that there is here a reasonable relationship between the objective sought by this classification—which is to preclude benefit payments to children who possess no biological or legal relationship to an insured wage earner and who have no substantial economic dependency on such wage earner —and the means used to achieve that objective in denying benefit payments to an illegitimate child whose father has not acknowledged the child in writing, has not been ordered by a court to contribute to the child's support, has not been judicially decreed to be the child's father, or has not been shown by other evidence satisfactory to the Secretary of Health, Education and Welfare to be the child's father and to be living with or contributing to the support of the child. The statutory scheme embodied by Sections 216(h) (2) and 216(h) (3), *supra*, does not discriminate against illegitimate children *per se*. Rather, it is reasonably designed to disqualify a class of illegitimates who are less likely, as a

class, to possess the requisite biological or legal relationship to or economic dependence on the wage earner. Such a classification furthers the purpose of the national program "to pay benefits to replace the support lost by a child when his father retires, dies, or becomes disabled." S.Rep. No. 404, 89th Cong., 1st Sess. 110 (1965), U.S.Code Cong. & Admin.News 1965, p. 2050.

Plaintiff Watts' motion for summary judgment is denied and defendant's motion for summary judgment is granted.

### B. *THE CLAIM OF AUDREY M. MARLOWE*

On March 7, 1969 plaintiff Marlowe filed an application for child's insurance benefits on behalf of Lamont S., Michelle L., and Michael T. Jones on the earnings record of Lehman S. Jones. At the same time Mrs. Shirley Ann Jones claimed child's insurance benefits on behalf of Gregory M. Jones and John Fletcher and mother's insurance benefits on her own behalf on the earnings record of the same wage earner. The claims were considered together. Plaintiff's claim for benefits was disallowed by the Hearing Examiner after a hearing. The Appeals Council affirmed the Examiner's decision and allowed it to stand as the final decision in the case.

After conducting the hearing on the competing applications of Mrs. Marlowe and Mrs. Jones, the Hearing Examiner found that Lamont, Michelle and Michael Jones are the children of the wage earner, Lehman Jones, and plaintiff Audrey Marlowe, a woman to whom the wage earner was not married and that the children qualify for child's insurance benefits under Section 216(h) (3) of Social Security Act, 42 U.S.C. § 416(h) (3).[2] The Hearing Examiner further found that Shirley A. Jones is the widow of the deceased wage earner, Lehman Jones, within the meaning of the Act, entitled to mother's insurance benefits under Section 216(h) (1) of the Act, 42 U.S.C. § 416(h) (1),[3] and further that she is entitled to child's insurance benefits on behalf of Gregory M. Jones and John Fletcher under Section 416(h) (2) of the Act, 42 U.S.C. 416(h) (2).[4]

Having found in favor of Mrs. Shirley Jones the Secretary held that plaintiff Marlowe is not currently entitled to any actual monthly payments because § 203(a) of the Act, 42 U.S.C. § 403(a) provides that when there are so many qualified survivors that the monthly benefits of each must be reduced in order to keep the total family benefit within the maximum family benefit permitted by the statute, the necessary reduction shall be accomplished by first deducting part, or if necessary, all of any amount payable to a child under Section 216(h) (3), 42 U.S.C. § 416(h)

2. Section 216(h) (3) provides *inter alia*, that an applicant who is the son or daughter of an insured wage earner but who is not legally recognized as such under the applicable state law, shall nevertheless be deemed the child of such insured wage earner for the purposes of this Act if there is sufficient evidence to satisfy the Secretary that the deceased wage earner was the father and if the applicant was living with or was being supported by the wage earner at the time of his death.

3. Section 216(h) (1) provides, *inter alia*, that an applicant who is legally recognized as the widow of an insured wage earner under the law of the state where the wage earner was domiciled at the time of his death or who went through a formal marriage ceremony with the wage earner shall be deemed to be the widow of the wage earner for the purpose of determining eligibility for mother's insurance benefits.

4. Section 216(h) (2) provides, *inter alia*, that an applicant shall be deemed the child of an insured wage earner for the purpose of determining eligibility for child's insurance benefits if he is legally recognized as the child of the insured wage earner under the law of the state where the wage earner was domiciled at the time of his death or if the wage earner and the father (or mother) of the child went through a marriage ceremony resulting in a purported marriage which, but for lack of dissolution of a previous marriage or a procedural defect in the purported marriage, would have been a valid marriage.

(3), and then deducting proportionately among the remaining beneficiaries, whatever amount is necessary to bring the total family benefit down to the maximum permitted by the statute.

Under Sections 202(d) (2) and 202(g) (2) of the Social Security Act, 42 U.S.C. §§ 402(d) (2), 402(g) (2), the widow and each child in the instant case is entitled to a monthly benefit equal to three-fourths of the deceased's primary insurance amount of $67.80 as computed under Section 215(a) of the Act, 42 U. S.C. § 415(a), subject to a maximum family benefit of $101.70 (also computed under Section 215(a) of the Act). Since in the instant case each beneficiary is entitled to $50.85 (¾ of $67.-80), it is evident that under Section 416(h) (3) the benefits of plaintiff's children (which must be reduced before those of any of the other beneficiaries) have to be reduced to zero, and the Secretary's decision that plaintiff's children although qualified as beneficiaries are not entitled to receive monthly payments at the present time was obviously required by the Social Security Act.

Plaintiff does not dispute the above findings. Rather, plaintiff alleges that the provisions of the Social Security Act that require the reduction of benefits, first to illegitimate children in toto, before requiring the reduction of benefits of legitimate children discriminate against illegitimate children in violation of the Due Process Clause of the Fifth Amendment.

The Court concludes that the payment classification established by Section 203(a) of the Social Security Act is not a case of class legislation without any reasonable basis. The priority in payment to children who under appropriate state law can inherit from their father or whose parents were formally married [5] reflects Congress's judgment that such children are more likely than other children to have been supported by their father, or to have received more support from him prior to the critical event, (in this case his death) which occasioned the loss of support. This Court cannot say that this Congressional judgment lacks a rational basis in fact.[6]

The Federal old-age, survivor's and disability program was designed to replace loss of financial support resulting from the wage earner's leaving the labor market due to old age, disability or death. S.Rep.No.1669, 81st Cong., 2d Sess. (1950), U.S.Code Cong.Serv.1950, p. 3287. To the extent, therefore, that a child with inheritance rights or whose parents were formally married is more likely to have been supported by the wage earner, it was reasonable for Congress to have recognized this by giving such children a priority claim to the lim-

---

5. *See* note 4 *supra.*

6. The results of surveys of absent-father families receiving aid to dependent children support the thesis that fathers who were or had been married to the mother are more likely to contribute to the support of their children than fathers who had never been married to the mother. In one such country-wide sample studied by the Department of Health, Education and Welfare, the Department found that where the father was or had been married to the mother, 18.3 percent of the families received contributions and where the father had never been married to the mother, only 10.2 percent received contributions. Moreover, the study revealed that the average monthly contribution per child where the father and mother were or had been married was $17.39; where the father and mother had not been married, it was only $10.38 per child. Saul Kaplan, *Support from Absent Fathers of Children Receiving Aid to Dependent Children*, 1955, U. S. Department of Health, Education and Welfare, Social Security Administration, Bureau of Public Assistance (Washington, D. C., 1960) at 17, 24, 35, 39. A similar study based on a sample of California absent-father cases showed that approximately 21 percent of the married fathers were actually contributing, as compared to only 9 percent of the unmarried fathers. Maurine McKeany, *The Absent Father and Public Policy in the Program of Aid to Dependent Children* (University of California Press, 1960) at 101–03.

ited survivor's benefits payable on any earnings account.

Plaintiff Marlowe's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

So ordered.