Ruth **JENKINS**, as natural tutrix of the minor children, Ruby Lee Jenkins, et al.

v.

Mitchel **COLLETTE** et al.

Civ. A. No. 71–104.

United States District Court, E. D. Louisiana, Baton Rouge Division.

Dec. 17, 1971.

Ernest H. Gould, Jr., New Orleans, La., for plaintiffs.

John S. White, Jr., Baton Rouge, La., for Mitchel Collette and Allstate Insurance Co.

William B. Ragland, Jr., Lake Providence, La., for James H. Crews.

E. GORDON WEST, Chief Judge:

On or about March 13, 1971, Leroy Jenkins was killed in an automobile accident on Louisiana Highway 1, near Innis, Louisiana. He was survived by two families—one located in Mississippi and one in Louisiana. The Mississippi family, plaintiffs herein, included Ruth Jenkins, the deceased's former wife who had divorced him in 1962 and five minor children. Shortly after the accident this wrongful death and survival action was commenced in this Court by Ruth Jenkins on behalf of her minor children pursuant to Article 2315 of the Civil Code of Louisiana, which provides, inter alia, that in case of death of an injured person, the claim for damages growing out of the offense or quasi-offense which caused the damage survives for one year in favor of "(1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children * * *." Federal court jurisdiction is alleged under the diversity provisions of 28 U.S.C. § 1332. Since the plaintiffs are citizens of Mississippi, and since none of the defendants are citizens of Mississippi, and since the cause of action arose in Louisiana, diversity jurisdiction would seem to be properly established. However, there is a Louisiana "family" surviving the deceased which includes a woman with whom the deceased had been living for seven years, although they were never married, and two minor children who, of course, are illegitimate. It appears that the deceased acknowledged those minor children at least informally and that he did contribute, in some measure, to their support. Defendant, Allstate Insurance Company, has filed a motion to dismiss for failure to join these illegitimate children as indispensable parties plaintiff and to dismiss for lack of jurisdiction. These motions are now before the Court.

The validity of these motions depends upon a determination of whether or not surviving illegitimate children have a right of action under Article 2315 of the Civil Code of Louisiana in competition with and equal to the right of action acquired thereunder by surviving legitimate children. In answering this question we must, of course, apply the law of Louisiana insofar as that law is not in conflict with overriding federal law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the answer to that question is in the affirmative, then the Louisiana minors must be considered to be indispensable parties and as such required to be joined with the Mississippi minors as parties plaintiff. And if they are so joined, this suit must then be dismissed for lack of diversity jurisdiction, since the defendants are also citizens of the State of Louisiana. See Morrison v. New Orleans Public Service, Inc., 415 F.2d 419 (CA 5—1969).

The precise question presented here, i. e., whether or not, under Louisiana law, surviving legitimate and illegitimate children may compete against each other, or share with each other in an Article 2315 action, has not been answered directly by the Louisiana courts. We must, however, be guided by the pronouncement of the United States Supreme Court in the case of Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L. Ed.2d 436 (1968), even though that case involved the situation wherein all of the surviving children were illegitimates, and were not competing against legitimate children. In that case, suit was brought under Article 2315 on behalf of five illegitimate children for the death of their mother. The State Courts of Louisiana denied recovery on the ground that the designation "child" in Article 2315 meant only "legitimate child" and that hence there was no right of action created therein for illegitimate children. Since the constitutionality of Article

2315 was sustained by the State Courts against challenge under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the case was heard on appeal by the United States Supreme Court. By a divided Court it was held that:

> "Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother." 88 S.Ct. 1511.

The Court then said in *Levy* that:

> "We conclude that it is invidious to discriminate against them when no action, conduct, or demeanor of theirs is possibly relevant to the harm that was done the mother." 88 S.Ct. at 1511.

With these observations, the judgment below was reversed. Three Justices dissented, contending that the majority opinion was arrived at "by a process that can only be described as brute force," and it is safe to assume that the last of this dispute has probably not been heard. But under the present state of the jurisprudence, we must conclude that the fact that in the case before us there are both legitimate and illegitimate children surviving is not enough to remove this case from the principle announced in *Levy*. Under the present state of the law an illegitimate child is a "child" as contemplated by Article 2315 of the Louisiana Civil Code. The Louisiana Supreme Court recognized this when they finally decided the *Levy* case after remand from the United States Supreme Court. In their final opinion the Louisiana Supreme Court said:

> "The United States Supreme Court has held that, as alleged in the petition in this case, when a parent openly and publicly recognizes and accepts an illegitimate to be his or her child and the child is dependent upon the parent, such an illegitimate is a 'child' as expressed in Civil Code Article 2315." Levy v. State Through Charity Hospital, 253 La. 73, 216 So.2d 818, 820 (1968).

If a surviving illegitimate child, publicly recognized and accepted by its parent, is a "child" as expressed in Civil Code Article 2315, he is nonetheless a "child" under that Article even though there are also surviving legitimate children. A contrary holding could not be justified in light of *Levy*.

For the reasons expressed herein, it is the opinion of this Court that the illegitimate minor children residing in Louisiana are indispensable parties to this suit, and that their necessary joinder will destroy the diversity upon which jurisdiction of this Court is based. Therefore, an order will be entered herein dismissing this suit for failure to join indispensable parties and for lack of jurisdiction.