374 So.2d 130 (1979)
Bernice Cummings COUSIN, Plaintiff-Appellant,
v.
Edward SCHILLECI, City of Slidell and Travelers Insurance Company, Defendants-Appellees.
No. 12693.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*131 Anthony A. Dingleman, New Orleans, for plaintiff-appellant, Bernice Cummings Cousin.
France W. Watts, III, Franklinton, for defendant-appellee, Edward Schilleci, City of Slidell & Travelers.
Lloyd R. Walters, Slidell, for defendant-appellee, City of Slidell.
Before CHIASSON, EDWARDS and COLE, JJ.
COLE, Judge.
This is an appeal from the dismissal of a wrongful death action on the peremptory exception raising the objection of no right of action.
Bernice Cummings Cousin brought suit against the City of Slidell, its insurer, Travelers Insurance Co., and Edward Schilleci, chief of the Slidell police department, for the death of her son Robert Cousin. Cousin allegedly died on July 7, 1975, while incarcerated in the Slidell jail.
Defendants objected to plaintiff's suit on the basis that she, as mother of the decedent, had no interest in the suit since her son was survived by an illegitimate child named Eddie Cousin. At the hearing on the exception, the defendants presented evidence on the issue of whether the decedent left any children.
*132 The deposition of Geneva Nelson of Saginaw, Michigan, was filed into evidence. Miss Nelson testified that although she had never married she had five children. She listed one of her children as Eddie Cousin, who was born in 1960 in New Orleans. She stated that she did not know who Eddie's father was, but that it could have been the decedent, Robert Cousin. She explained that despite her uncertainty on the point she named the decedent as father to hospital personnel and that her son has always used "Cousin" as his surname. She indicated that she has more doubts today about the paternity of Eddie than she did in 1960 when Eddie was born, but she gave no reasons for this weakening of opinion. According to Miss Nelson, Robert Cousin did not help her pay medical costs when Eddie was born, did not visit her in the hospital, nor did he visit her when she returned home with her child. She maintained that she had never known him to acknowledge Eddie as his child. She also said that she had not seen nor communicated with Robert Cousin since she left Louisiana in 1966 but that she did keep up her friendship with his mother, the plaintiff.
In contrast with the deposition testimony of Miss Nelson, was that of James R. Camp, who testified at the hearing. Camp was an employer of Robert Cousin for some seven or eight years beginning in approximately 1955. He recalled that during that period he frequently went to the decedent's home where decedent was living with Geneva Nelson, an arrangement that according to Camp lasted eight or nine years "off and on." Camp stated that Geneva Nelson had a son during the period that Robert Cousin was residing with her and was employed by him. He said Cousin openly and frequently referred to the child as his own.
After the presentation of defendants' evidence, plaintiff's counsel requested a continuance so that he might secure the testimony of his client, who was not in attendance. Counsel explained that he had not had sufficient time to secure plaintiff's presence because the attorney who had previously handled plaintiff's case had left the law firm fewer than seven days earlier. The trial court denied the continuance and sustained the exception. Plaintiff's request for a new trial was denied without permitting the introduction of new testimony at the hearing on the motion.
Plaintiff assigns three errors to the trial court's rulings.
The first allegation of error goes to the merits of the lower court's ruling on the objection of no right of action. Plaintiff readily acknowledges that she, as mother of the decedent, would have no right of action if her son was survived by an illegitimate child, as is defendants' contention. C.C. art. 2315; Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Jenkins v. Collette, 335 F.Supp. 47 (E.D.La.1971); Warren v. Richard, 296 So.2d 813 (La.1974). However, plaintiff maintains that no such child exists and that the trial court was manifestly erroneous in its holding to the contrary.
The factual findings of the trial court will not be disturbed absent a determination that the court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We cannot say that the trial court's acceptance of the testimony of Camp over that of Miss Nelson was manifestly erroneous. The trial court's assessment of the credibility of a witness before it is entitled to great weight. We are also aware of the possibility that Miss Nelson's testimony might have been colored by her friendship with the plaintiff, since any action her son Eddie might have had was prescribed by the time her deposition was taken.
Miss Nelson's admission that the decedent could have been the father together with Camp's testimony that Miss Nelson and the decedent were living together during the years before and after Eddie's birth and that the decedent openly and frequently referred to the child as his son were sufficient proof of paternity. C.C. art. 209. We affirm the district court's judgment sustaining the exception.
*133 Secondly, plaintiff contends that the trial court disobeyed the mandate of Code of Civil Procedure article 1602 when it denied her attorney's request for a continuance of the hearing on the objection of no right of action. Code of Civil Procedure article 1602 directs that "[a] continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
We find no indication that plaintiff's counsel made any effort at all to secure the attendance of plaintiff, who according to the allegation of her petition was a resident of the parish where the hearing was held. In fact, counsel's contention is not one of a failed attempt but is one of insufficient time. We believe that a diligent effort even under these somewhat difficult circumstances would entail some attempt to contact the plaintiff and present her testimony. We note that the evidentiary hearing had been scheduled for approximately three weeks with the notice containing an admonition that no continuance would be considered unless a formal motion was filed at least one week prior to the hearing date.
As there were no peremptory grounds for a continuance it was a matter for the trial court's discretion. C.C.P. art. 1601. We find no abuse of this discretion. The record reflects that the request for a continuance was made only after the defendants had presented their evidence and rested. A continuance granted at that point would have obviously given an unfair advantage to the plaintiff.
Finally, plaintiff urges that the trial court erred in refusing to allow her to present oral testimony at the hearing on her motion for a new trial. We find no merit in this contention. None of the three grounds for a new trial which plaintiff set forth in her motion would have been supported by the presentation of evidence.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.