The majority refuses to remedy the deficiency of underinclusiveness here by extending the benefits to those impermissibly excluded. I would apply the remedy to the constitutional deficiency here, as was done in Orr v. Orr,374 So.2d 895, 896-97 (Ala.Civ.App. 1979), and in other cases cited therein:
 "Where a statute is constitutionally infirm on the basis of underinclusiveness, a court may satisfy the Constitution's commands by either extending benefits to those excluded from the scope of its coverage or by invalidation of the statute in its entirety.
". . . .
 "Courts have on a number of occasions remedied the deficiencies in underinclusive statutes by extending benefits to those impermissibly excluded. See, e.g., Califano v. Goldfarb, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); White v. Crook, 251 F. Supp. 401 (M.D.Ala. 1966); Beal v. Beal, Me., 388 A.2d 72 (1978). See also Eich v. Town of Gulf Shores, 293 Ala. 95, 300 So.2d 354 (1974)." *Page 581