**Carissa Beth MAYER, Appellant,**

v.

**Timothy Cody MAYER & Ambassador Envelope Company, Inc., Employer, Respondents.**

**No. ED 78338.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 2001.

Timothy Gallagher, St. Louis, MO, for Appellant.

Christopher Crank, St. Louis, MO, John M. Kell, St. Charles, MO, for Respondent.

DRAPER, Judge.

Carissa Mayer (hereinafter, "Carissa") appeals from the final award issued by the Labor and Industrial Relations Commission (hereinafter, "Commission") which adopted the findings of the Administrative Law Judge (hereinafter, "ALJ") awarding Timothy Cody Michael Mayer (hereinafter, "Timothy Cody") one half of Timothy Mayer's (hereinafter "Decedent") death benefits claiming the Commission erred in finding that Decedent was legally liable for Timothy Cody's support pursuant to Section 287.240(4) RSMo (1994).[1] We affirm.

Decedent died after being electrocuted at his workplace on March 27, 1997. It is undisputed that the injury leading to his death arose out of and in the course of his employment. He was not married at the time of the accident, but is survived by two minor illegitimate children, Carissa and Timothy Cody. Each child filed a timely claim with the Commission requesting compensation in the form of death benefits as dependents of Decedent. Carissa challenged Timothy Cody's claim for compensation on the basis that he was not a presumptive total dependent within the meaning of Section 287.240(4). The claims were consolidated and tried before an ALJ in October 1999.

At the evidentiary hearing, evidence was presented as to Decedent's relationship with both children. Carissa was born on March 31, 1992. She lived with Decedent from her birth until she was approximately one and a half years old, during which time he contributed to her support and care. In April 1994, Decedent consented to a paternity order and became obligated to pay child support and provide health insurance for Carissa. A copy of the paternity order was admitted at the hearing without objection. Decedent lived with Carissa on and off during a four-year period and the last time they actually lived together was three months before his death. However, Carissa was not living with Decedent at the time of his death.

Timothy Cody was born on October 28, 1990, and no paternity order for him was entered during Decedent's lifetime. Timothy Cody never lived with Decedent; visitation and support were sporadic during the first year of Timothy Cody's life. All contact with Timothy Cody ceased sometime in the summer of 1991 after Timothy Cody's mother and grandmother decided "they did not need" Decedent's help and support in raising him. Timothy Cody's grandmother assumed custody of Timothy Cody after his mother was incarcerated.

---

**1.** All statutory references are to RSMo (1994) unless stated otherwise.

After learning of Timothy Cody's mother's incarceration, he expressed an interest in obtaining custody of Timothy Cody if paternity could be established. At no time did Timothy Cody's mother or grandmother seek any type of support from Decedent.

After Decedent's death, however, Timothy Cody filed a paternity action in the Circuit Court of Jefferson County to determine the existence of a parent and child relationship[2] pursuant to Section 210.826.[3] On May 26, 1999, a judgment was entered stating Decedent was and is Timothy Cody's father and ordering Timothy Cody's birth certificate be amended to reflect Decedent as his father. A copy of the judgment was submitted at the hearing without objection. Timothy Cody was not living with Decedent at the time of his death.

The ALJ found neither Carissa nor Timothy Cody was living with Decedent at the time of his death, and accordingly, their right to qualify for death benefits turned on whether Decedent was legally liable for their support. The ALJ found that Decedent was legally liable for the support of both children and entered an award on January 10, 2000, awarding both children death benefits. Carissa applied for review to the Commission, who adopted the ALJ's findings and entered a final award allowing compensation on July 27, 2000. Carissa appeals the Commission's final award.

■ Carissa's sole point on appeal claims the Commission erred in finding Timothy Cody was eligible for death benefits as a matter of law in that he is not a presumptive total dependent under Section 287.240(4). Carissa argues the evidence does not support a finding that Timothy Cody lived with Decedent at the time of his death or that Decedent was legally liable for his support at the time of his death. Carissa focuses on the fact that Decedent was not under a court order at the time of his death to support Timothy Cody and that in the absence of such order, Decedent could not be deemed legally liable for his support.

■ When the evidentiary facts are not disputed, the Commission's award becomes a question of law. *Tidwell v. Kloster Co.*, 8 S.W.3d 585, 588 (Mo.App. E.D.1999). Here the parties agree that the facts are undisputed and we must determine as a matter of law whether the evidence supported the finding that Timothy Cody was a presumptive total dependent as defined in Section 287.240(4). Timothy Cody concedes that he was not living with Decedent at the time of his death. Therefore, we must determine whether Decedent was legally liable for Timothy Cody's support at the time of his death.

Section 287.240 mandates how and to whom death benefits are paid. Section 287.240(4) defines "dependent" as "a relative by blood or marriage of a deceased employee, who is actually dependent for

---

**2.** Section 210.817(4) defines a "parent and child relationship" as "the legal relationship existing between a child and his [sic] natural or adoptive parents incident to which the law confers or imposes rights, privileges, duties, and obligations. It includes the mother and child relationship and the father and child relationship."

**3.** Section 210.826.1 states: "A child, his natural mother, a man presumed to be his father

under subsection 1 of section 210.822, a man alleging himself to be a father, any person having physical or legal custody of a child for a period of more than sixty days or the division of child support enforcement may bring an action *at any time* for the purpose of declaring the existence or nonexistence of the father and child relationship presumed under subsection 1 of section 210.822." (Emphasis added).

support, in whole or in part, upon his or her wages at the time of the injury." Section 287.240(4)(b) defines a presumptive total dependent child as:

A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent legally liable for the support or with whom he, she, or they are living at the time of the death of the parent....

Timothy Cody obtained a judgment declaring that a parent and child relationship existed between him and Decedent pursuant to Section 210.826. The parent and child relationship extends equally to every child and parent, regardless of the marital status of the parents. Section 210.818. Such a judgment or order determining the existence or nonexistence of the parent and child relationship is determinative for all purposes. Section 210.841.1. Therefore, the finding that a parent and child relationship existed conferred and imposed certain rights, privileges, duties, and obligations upon Timothy Cody and Decedent.

The Missouri Supreme Court recognized that illegitimate children are to be afforded an equal right with that of legitimate children to require support by their father in *R—— v. R——*, 431 S.W.2d 152, 154 (Mo.1968). *R—— v. R——* held that the principles applied by the United States Supreme Court in *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and *Glona v. American Guarantee & Liability Insurance Co.*, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968) would render invalid state action which produces discrimination between legitimate and illegitimate children insofar as the right of a child to compel support by his or her father is concerned. *Id. See also, K.D.R. v. D.E.S.*, 637 S.W.2d 691, 693 (Mo. banc 1982). All three districts in this state have recognized that a child's right to support from his or her father is not impaired in any way by illegitimacy. *See N.R. v. R.J. D.*, 588 S.W.2d 76 (Mo.App. E.D.1979); *Payne by Payne v. Delp*, 821 S.W.2d 582 (Mo.App. S.D.1992); *Buxton v. Kaneer*, 904 S.W.2d 77 (Mo.App. W.D.1995).

Based upon foregoing, we find that Decedent had a duty to support his illegitimate children, and a parent and child relationship existed between Timothy Cody and Decedent. We find as a matter of law that Timothy Cody was a presumptive total dependent pursuant to Section 287.240(4) because Decedent was legally liable for Timothy Cody's support at the time of his death. Therefore, the Commission's award of death benefits to both Carissa and Timothy Cody was proper.

The judgment of the Commission is affirmed.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.